THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT BOWERS, Defendant-Appellant.

No. 71-167;

Second District—March 24, 1972.

454

 

E. Roger Horsky and Ralph Ruebner, both of Defender Project, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The issue presented is whether the record affirmatively discloses that the defendant, Robert Bowers, expressly and understandingly waived his right to trial by jury in entering a plea of guilty to armed robbery, an offense for which he was sentenced to serve a term of not less than five nor more than fifteen years in the penitentiary.

Defendant first entered a plea of not guilty on June 17, 1970, pre-trial motions were ruled upon by the court, and the case was set for jury trial on July 20, 1970. He was represented throughout the proceedings by the public defender who had been appointed prior to preliminary hearing and indictment.

Transcript of hearing, July 20, 1970, shows that a co-defendant who "had not changed his mind" obtained a continued trial date of September 21, 1970, but defendant Bowers asked leave to withdraw his plea of not guilty in reliance upon a negotiated penalty agreement. This agreement was spread upon the record and defendant acknowledged it was accurate. It recited that the proposed penalty of not less than five years nor more than fifteen years upon a plea of guilty had been agreed upon three days earlier, that defendant had had three days to think about it, and that it took into account defendant's prior conviction and sentence to a term of 1-4 years in the penitentiary for robbery. The transcript shows the trial judge asked the defendant if he understood that upon a plea of guilty the court would sentence him to the penitentiary for not less than five years nor more than fifteen years, and defendant responded he did understand that. This passage is urged upon us as a plain inference that defendant could understand only that he would be immediately

sentenced and there would be no trial of any kind upon a plea of guilty.

Otherwise, no mention of jury trial waiver appears in the transcript, although the common law record, for the same date, contains a written jury waiver signed by defendant and initialled by the trial judge as well as the clerk's docket entry which recites in part the following:

"The defendant Robert Bowers says for his plea that he is guilty of Armed Robbery as charged in count one of the indictment herein. The Court explains fully to said defendant the meaning and effect of an entry of a plea of guilty to count one and waiver of trial by jury. After such an explanation and answers made by said defendant, the Court finds from the proceedings that the said defendant comprehends the nature of the crime with which he is charged, the punishment thereof fixed by law and the consequences thereof upon a plea of guilty to count one. Thereupon the defendant files his written waiver of trial by jury, and persists in his plea of guilty to the charge in count one of the indictment herein. The Court accepts a plea of guilty by said defendant."

Count two of the indictment, apparently an included offense of robbery, was dismissed on motion of the State.

The determination required here is whether the transcript contains less than all of the proceedings or the docket entry concludes too much.

Defendant cites *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, a decision which has been much discussed in challenges to the validity of pleas of guilty because of the following language (395 U.S. at 243):

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. (Citation.) Second is the right to trial by jury. (Citation.) Third is the right to confront one's accusers. (Citation.) We cannot presume a waiver of these three important federal rigats from a silent record."

█ ██ Recently however, the Illinois Supreme Court has held that the *Boykin* decision does not in any manner alter or modify the constitutional standards by which validity of a plea of guilty is to be determined, the constitutional requirement, both *pre* and *post Boykin* being that a plea of guilty must be intelligent and voluntary. Boykin adds the requirement that if the guilty plea is to withstand appellate or post-conviction review the record must affirmatively disclose that the plea was entered understandingly and voluntarily, a requirement which has been in effect

in Illinois since 1948.. *People v. Reeves* (1971), 50 Ill.2d 28 at 29, 30, 276 N.E.2d 319.

■■ Illinois Supreme Court Rule 402 requires a substantial compliance with an admonition to defendant in open court that upon a plea of guilty there will not be a trial of any kind, that by pleading guilty the defendant waives his right to trial by jury and the right to be confronted with the witnesses against him. Where the crime is punishable by imprisonment in the penitentiary, the proceedings in open court shall be taken verbatim, transcribed, filed and made a part of the common law record, but Rule 402 is not applicable here as the plea of guilty was entered prior to its effective date, and thus we believe appearance of waiver in the transcript is not essential if it is found elsewhere in the record.

■■ The statutory requirement, "every person accused of an offense shall have the right to a trial by jury unless understandingly waived by defendant in open court," (Ill. Rev. Stat. 1969, ch. 38, par. 103—6) is the test to be applied, and neither this statute nor the *Boykin* decision prescribes any particular form the waiver must take nor specifies in what portion of the record the affirmative showing of waiver must appear.

■■ This court held in *People v. Gaston* (1971), (Ill.App.2d), 270 N.E.2d 846 and *People v. Spates* (Ill.App.2d), 270 N.E.2d 848, that a signed jury waiver in and of itself, in a record otherwise totally silent on the issue of waiver of jury trial, was not sufficient to result in relinquishment of defendant's constitutional right to trial by jury. This court held that although the signed form satisfied the requirement of express waiver, the otherwise silent record did not satisfy the requirement of understanding waiver in open court.

■■ We believe the clerk's docket entry of judgment distinguishes this record. Supreme Court Rule 321 provides there is no distinction between the common law record and the report of proceedings for the purpose of determining what is properly before the reviewing court. A common law record containing a recitation of the court's admonition to a defendant entering a plea of guilty was held sufficient in *People v. Stack* (1945), 391 Ill. 15, 62 N.E.2d 807.

■■ The docket record in this case recites that the court fully explained to defendant the meaning and effect of entry of a guilty plea and waiver of jury trial, that after explanation and answers made by defendant, the defendant filed his written waiver of trial by jury prior to acceptance of the plea of guilty. Verbatim transcription of these remarks would surely have been preferable as it would provide a better record and permit original evaluation of their effect. Yet the purpose of review is to see that substantial justice was done, and it is not to reverse merely

to produce a better record. *People v. Westrup* (1940), 372 Ill. 517, 25 N.E.2d 16.

■■ It seems we must necessarily conclude that some portion of the proceeding on July 20, 1970, was unexplainedly omitted from the transcript as it contains no reference whatsoever to the filing of the written jury waiver, although the waiver is obviously contained in the record and was obviously filed on that date. Supreme Court Rule 329 provides that the record on appeal shall be taken as true and correct unless shown to be otherwise and corrected in a manner permitted by that rule. Defendant has not undertaken any showing that the clerk's judgment order is inaccurate.

The Supreme Court in *People v. Watson* (1972), 50 Ill.2d 229 (N.E. 2d) has recently stated:

"\* \* \* Moreover, the record indicates that the defendant was aware of his right to a jury trial as evidenced by his request for a jury. \* \* \* Furthermore, having twice pleaded guilty to prior felonies, defendant evidently knew such a plea would result in a relinquishment or waiver of his right to a jury trial."

Certainly the same principle applies here as well. Only after the case was set for jury trial did the defendant enter into the negotiated plea.

■■ In view of all the circumstances surrounding defendant's plea of guilty we are well satisfied that it was entered intelligently and voluntarily without any prejudice to defendant or substantial deprivation of any constitutional right. He was represented by able counsel, was not a stranger to the courts, and knowingly secured the benefit of a negotiated plea after his case had earlier been set for jury trial and his co-defendant persisted in it. We therefore accept the clerk's docket entry in combination with the written jury waiver as a sufficient affirmative showing in the record of waiver of jury trial and accordingly affirm the judgment of conviction.

Judgment affirmed.

SEIDENFELD, P. J., and MORAN, J., concur.