THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY HOPPING, Defendant-Appellant.

(No. 72-297; ▮▮▮▮▮▮▮▮▮▮

Third District—December 31, 1973.

James Geis, Deputy Defender, of Ottawa, for appellant.

Donald Woolsey, State's Attorney, of Galesburg, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant-Appellant, Larry Hopping, appeals from a judgment of conviction entered by the Circuit Court of Knox County following a plea of guilty to a violation of the Dram Shop Act. He was sentenced to a 90 day term of imprisonment in the Illinois State Farm at Vandalia.

The complaint charged defendant with violation of section 131 of the Dram Shop Act (Ill. Rev. Stat. 1971, ch. 43, par. 131) by selling, giving or delivering alcoholic liquor to persons under the age of 21, a Class B misdemeanor. A rubber stamp on the record sheet states that after defendant moved for leave to enter his plea of guilty, the court explained defendant's rights including his right to counsel, his right to a jury trial and also explained the consequences and penalties which would result from a plea of guilty to the acts charged. The record fails to show any indication of a factual basis of defendant's plea, of defendant's awareness and understanding of his rights to plead not guilty, to confront witnesses against him, to have access to counsel despite indigency, and also there is no indication that the pleas were made voluntarily and understandingly.

On this appeal defendant contends the conviction should be reversed for three reasons. First, the record does not show defendant knowingly and intelligently waived his right to counsel. Second, there is no transcript of the proceedings and third, the trial judge did not comply with Supreme Court Rule 402.

The principal issue raised on this appeal relates to the affect of *Argersinger v. Hamlin*, 407 U.S. 25, 32 L.Ed.2d 530, 92 S.Ct. 2006, and in particular, what is sufficient either to show trial court compliance with the rule and what is necessary to present the issue to this court for review. There is no question but that *Argersinger* requires a defendant in a case such as this to be advised of his right to counsel, to be advised that counsel will be appointed for him if he be indigent and if defendant is not represented by counsel, it must be shown he understandingly waived such right.

█■ Defendant asserts that Supreme Court Rule 401, which specifies its applicability only in cases punishable by imprisonment in the penitentiary, should be extended to all cases involving incarceration as required by *Argersinger*. It is our opinion that the failure of the Supreme Court to modify the rule or otherwise deal with the transcribing of testimony in misdemeanor cases by an appropriate decision indicates that no such extension or modification is intended. *People v. Bowers*, 4 Ill. App.3d 453, 280 N.E.2d 784 (decided after *Argersinger*) appears to hold that transcribing of admonishment and response in a misdemeanor case is not required and further in the absence of a verbatim transcript, a bystander's report of proceedings is required before the sufficiency of the court's admonitions may be reviewed in this court. We follow the rule of *Bowers* and accordingly conclude the record is insufficient to review the issues raised by defendant. We do believe an authoritative clarification of the procedure which should be employed by the trial court would be helpful.

For the foregoing reasons, the appeal of defendant is dismissed.

Appeal dismissed.

ALLOY and DIXON, JJ., concur.