(No. 46529.—
(No. 46634.—
(No. 46657.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. LARRY HOPPING, Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. BRUCE KLINE, Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JOHN YOUNG, Appellee.

*Opinion filed March 24, 1975.*

James Geis, Deputy Defender, Office of State Appellate Defender, of Ottawa (Stephen P. Hurley, Assistant Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Donald C. Woolsey, State's Attorney, of Galesburg (James B. Zagel, Assistant Attorney General, of Chicago, and Robert L. Longtin, Assistant Attorney General, of Springfield, of counsel), for the People.

James Geis, Deputy Defender, Office of State Appellate Defender, of Ottawa (Stephen P. Hurley, Assistant Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Donald C. Woolsey, State's Attorney, of Galesburg (James B. Zagel, Assistant Attorney General, of Chicago, and Roger L. Longtin, Assistant Attorney General, of Springfield, of counsel), for the People.

William J. Scott, Attorney General, of Springfield, and Robert J. Bier, State's Attorney, of Quincy (James B. Zagel and James E. Gildea, Assistant Attorneys General, of Chicago, and Nolan Lipsky, Assistant Attorney General, of Springfield, of counsel), for the People.

Richard J. Wilson, Deputy Defender, Office of State Appellate Defender, of Springfield (John L. Swartz, Assistant Defender, of counsel), for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

We have consolidated three cases in which leave to appeal was granted from three appellate court judgments which are in conflict as to whether the conviction of one who has entered a plea of guilty to a misdemeanor must be set aside because no verbatim transcript of the proceedings upon the entry of the guilty plea is available.

In No. 46529, the defendant, Larry Hopping, was charged with supplying liquor to minors in violation of the

Dram Shop Act (Ill. Rev. Stat. 1971, ch. 43, par. 131). On October 16, 1972, he appeared *pro se* in the circuit court of Knox County and entered a plea of guilty. He was sentenced to 90 days' imprisonment at the Illinois State Farm at Vandalia. No transcript of the proceedings at the time of the entry of his guilty plea is available. The common law record includes the following:

> "[T]he Court fully explains to defendant his rights under the law, his right to counsel and his right to a jury trial if he so desires, and further explains to the defendant the consequence and penalties which will result from a plea of guilty ***."

The record also includes a waiver of trial by jury, signed by the defendant. On November 13, 1972, the defendant filed a notice of appeal from the judgment entered on his plea of guilty.

Represented by appointed counsel on appeal, Hopping contended that his conviction should be reversed because: (1) there was no verbatim transcript available; (2) the record failed to show that the defendant had knowingly waived his right to counsel; and (3) the record failed to show compliance with Rule 402. The Appellate Court, Third District, dismissed the appeal (16 Ill. App. 3d 275), holding that a verbatim transcript of the proceedings upon the acceptance of a plea of guilty to a misdemeanor is not required by the Federal or State constitutions and that the record did not show that the trial court had failed to comply with Rules 401 and 402. The court pointed out that the sufficiency of the trial court's compliance could have been reviewed upon a bystander's report of proceedings.

In No. 46634, the defendant, Bruce Kline, represented by retained counsel, pleaded guilty on June 5, 1972, to an information which charged him with possession of a substance containing cannabis in an amount more than 10 grams (Ill. Rev. Stat. 1971, ch. 56½, par. 704(c)). His motion to quash the information on the grounds that the

statute involved violated the due process and equal protection clauses of the Federal and State constitutions had previously been overruled. The circuit court of Knox County sentenced him to the county jail for a period of 60 days. On June 30, 1972, Kline filed a notice of appeal. No transcript of the proceedings upon the entry of his plea of guilty is available. The common-law record includes the following:

> "[W]hereupon the said defendant, Bruce Lee Kline, is advised by the Court as to his rights and the possible consequences upon his said plea of guilty entered herein, and explains to him his full legal and constitutional rights in the premises, and his right to a trial by a jury and to require proof of the offense charged beyond all reasonable doubt, and to confront and cross-examine witnesses. Whereupon the said defendant, Bruce Lee Kline, waives his right to a trial by jury (which said waiver was filed on May 23, 1972). And the said defendant, Bruce L. Kline, still persisting in his said plea of guilty to the crime of possession of cannabis in manner and form charged in the Information, the said plea of guilty is now accepted by the Court as the final plea of said defendant, and so entered herein."

Represented by appointed counsel on appeal, Kline argued that his conviction should be reversed because the record failed to show affirmatively that his guilty plea had been accepted in compliance with Rule 402. (He also contended that the statute under which he was convicted was unconstitutional. We concur in the appellate court's disposition of this contention.) The Appellate Court, Third District (16 Ill. App. 3d 1017), held that a verbatim transcript is not necessary to sustain the guilty plea because Supreme Court Rule 323 (made applicable to criminal appeals by Rule 612(c)) provides an alternative method of compiling a report of proceedings in the absence of a stenographic transcript. The court noted that the defendant had not availed himself of this procedure.

In No. 46657, the defendant, John Young, was charged with two counts of deceptive practices (Ill. Rev.

Stat. 1971, ch. 38, par. 17—1) in that he, with intent to defraud and to obtain the property of the named victims, delivered checks to them knowing that the depositary bank would not honor them. On July 19, 1972, the defendant appeared *pro se* in the circuit court of Adams County, entered a plea of guilty, and was sentenced to concurrent 90-day terms of imprisonment at the State Penal Farm. On the following day the defendant requested a transcript of proceedings and was informed that none was available. Included in the common-law record was the trial court's signed order, which stated:

> "Defendant appears; advised of the charge pending against him, and his rights. Defendant waives counsel and jury trial and enters a plea of guilty to both counts of the Information. Court finds waiver of counsel, jury trial and plea of guilty are knowingly, understandably [*sic*] and voluntarily made. Court finds there is a factual basis for the plea."

The defendant Young, represented by appointed counsel on appeal, argued that the failure to transcribe verbatim the proceedings accompanying his plea of guilty deprived him of due process and equal protection of the law. The Appellate Court, Fourth District, agreed, one judge dissenting, and reversed the judgment of conviction and remanded the cause for further proceedings. (17 Ill. App. 3d 960.) The majority took the position that, because the rules of this court require a verbatim transcript of the proceedings upon a plea of guilty to a felony, equal protection and due process of law are violated if a similar verbatim transcript is not furnished to one who pleads guilty to a misdemeanor.

The argument of the defendants rests upon Rules 401 and 402 of this court. Rule 401 deals with waiver of counsel, and it requires that in the case of an offense punishable by imprisonment in the penitentiary the proceedings relating to the waiver of counsel "shall be taken verbatim, transcribed, filed, and made a part of the common-law record." (50 Ill.2d R. 401.) Rule 402 is

concerned with admonitions to a defendant in connection with the entry of a plea of guilty, and it similarly requires that in the case of an offense punishable by imprisonment in the penitentiary the proceedings required by the rule "shall be taken verbatim, transcribed, filed, and made a part of the common-law record." 50 Ill.2d R. 402.

The defendants contend that these rules must be construed to require that verbatim transcripts be furnished to indigent defendants who plead guilty to misdemeanors, and that, unless such transcripts are furnished to them, their rights to equal protection and due process under the fourteenth amendment to the Constitution of the United States have been violated.

The contention is that the kind of a record which these rules require with respect to felony cases must be furnished in misdemeanor cases as well. Rules 401 and 402, however, do not purport to state constitutional requirements. Their purpose is rather a prophylactic one, to provide for the preservation of a complete record on the basis of which to appraise attacks made upon judgments of conviction in cases in which a lengthy period of imprisonment may be involved. What has been considered appropriate for cases of that kind has not been transformed into a constitutional requirement by the adoption of Rules 401 and 402.

There are several significant common elements in these cases. There is no intimation that any of these defendants was not guilty of the offense to which he entered his plea of guilty. Nor is there in any of the cases a suggestion of any respect in which the admonition given to the defendant in connection with his plea of guilty was deficient. Instead, the contention in each case is that, because the defendant's acknowledgement of his guilt was not recorded in a particular manner, his conviction must now be set aside. The effort is to establish the availability of a verbatim transcript as a constitutional requirement. But what the Constitution requires is a record of sufficient

completeness to permit proper consideration of the specific claims made by the defendant, and in none of the cases before us has any specific claim been made by any defendant.

The Supreme Court has pointed out:

"A 'record of sufficient completeness' does not translate automatically into a complete verbatim transcript. We said in *Griffin* that a State 'may find other means [than providing stenographic transcripts for] affording adequate and effective appellate review to indigent defendants.' 351 U.S., at 20, [100 L. Ed. at 899]. We considered this more fully in *Draper v. Washington, supra;* at 495-496, [9 L. Ed. 2d at 905]:

'Alternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise. A statement of facts agreed to by both sides, a full narrative statement based perhaps on the trial judge's minutes taken during trial or on the court reporter's untranscribed notes, or a bystander's bill of exceptions might all be adequate substitutes, equally as good as a transcript. Moreover, part or all of the stenographic transcript in certain cases will not be germane to consideration of the appeal, and a State will not be required to expend its funds unnecessarily in such circumstances. If, for instance, the points urged relate only to the validity of the statute or the sufficiency of the indictment upon which conviction was predicated, the transcript is irrelevant and need not be provided. If the assignments of error go only to rulings on evidence or to its sufficiency, the transcript provided might well be limited

to the portions relevant to such issues. Even as to this kind of issue, however, it is unnecessary to afford a record of the proceedings pertaining to an alleged failure of proof on a point which is irrelevant as a matter of law to the elements of the crime for which the defendant has been convicted. In the examples given, the fact that an appellant with funds may choose to waste his money by unnecessarily including in the record all of the transcript does not mean that the State must waste its funds by providing what is unnecessary for adequate appellate review.' " *Mayer v. City of Chicago* (1971), 404 U.S. 189, 194-195, 30 L. Ed. 2d 372, 378, 92 S. Ct. 410, 414-415.

Rule 323 of the rules of this court, made applicable to criminal proceedings by Rule 612, provides for the preparation of a proposed report of proceedings by the appellant in the event that no verbatim transcript of the proceedings is available. The other party may then propose amendments or prepare his own proposed report, all of which are presented to the trial judge for settlement and approval. "The court, holding hearings if necessary, shall promptly settle, certify, and order filed an accurate report of proceedings." (50 Ill.2d R. 323(c).) This method, by which any specific deficiency could have been put before the reviewing court, was available to each defendant, but none took advantage of it.

Moreover, in none of these cases was a motion presented to the trial court seeking to set aside the judgment of conviction which was based upon the plea of guilty. If any deficiency had existed and had been pointed out to the trial court upon such a motion, the judgment of conviction could have been vacated and the deficiency remedied at once. The defendant could then either have renewed his plea of guilty or had his guilt determined upon

a trial. Instead, in each case, a notice of appeal was filed within 30 days after the entry of judgment. The advantage of this course to a defendant is obvious: decision upon the validity of his plea of guilty is deferred until the task of the prosecution has been made more difficult by the lapse of time—in these cases well over two years. (See the remarks of Chief Justice Burger, concurring, in *Mayer v. City of Chicago* (1971), 404 U.S. 189, 199-201, 30 L. Ed. 2d 372, 381-382, 92 S. Ct. 410, 417-418.) Finally, the course pursued by the defendants in these cases shifts the focus of judicial concern from the guilt or innocence of the defendant to the existence of some possible deficiency in the warnings given the defendant in connection with his acknowledgement of his guilt.

We hold, therefore, that neither the State nor the Federal Constitution requires that these defendants be furnished with verbatim transcripts of the proceedings at which they acknowledged their guilt.

For the reasons stated, the judgments of the circuit and appellate courts in No. 46529, People v. Hopping, and No. 46634, People v. Kline, are affirmed. The judgment of the Appellate Court, Fourth District, in No. 46657, People v. Young, is reversed, and the judgment of the circuit court is affirmed.

> *46529 — Judgment affirmed.*
> *46634 — Judgment affirmed.*
> *46657 — Appellate court reversed;*
> *circuit court affirmed.*