THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JONAS BENTON, Defendant-Appellant.

(No. 73-161; 

Third District—March 31, 1975.

James Geis, of State Appellate Defender's Office, of Ottawa, for appellant.

Henry D. Sintzenich, State's Attorney, of Macomb (William D. Henderson, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant, Jonas Benton, pleaded guilty to the offense of deceptive practices, a misdemeanor, and was conditionally discharged for 1 year by the circuit court of McDonough County. Later his conditional discharge was revoked, and he was sentenced to 8 months to the Vandalia Penal Farm. This is an appeal from the underlying conviction.

On this appeal defendant argues his conviction should be reversed and remanded for further proceedings because (1) there was no ver-

batim transcript of proceedings showing advice of and waiver of counsel, and (2) there was no advice of his constitutional rights under Supreme Court Rule 402 and his waiver thereof. Additionally, defendant argues that requiring a bystander's report of proceedings in absence of a verbatim transcript is an unacceptable substitute for the verbatim transcript. Defendant also argues that the filing of a bystander's report by the prosecution is not authorized by the rules and in any event indicates that the proceedings did not comply with Supreme Court Rule 402.

■■ We have previously considered the principal issues raised by the defendant on this appeal in *People v. Hopping*, 16 Ill.App.3d 275, 305 N.E.2d 610, *affirmed, People v. Hopping*, 60 Ill.2d 246, and *People v. Kline*, 16 Ill.App.3d 1017, 307 N.E.2d 398, *affirmed, People v. Hopping*, 60 Ill.2d 246. In those cases, applying the Supreme Court Rule as it existed at the time, we held that in misdemeanor cases a bystander's report was required in the absence of a verbatim transcript before questions relating to the court's admonishment and waiver of rights could be considered on appeal. We hold the rule did not require a verbatim transcript and that it was the duty of the defendant to present an appropriate record of the proceedings from which the court's deficiencies could be ascertained. We believe our holdings in the *Hopping* and *Kline* cases should be followed. In view of our holding it is unnecessary to consider any questions related to the bystander's report filed by the prosecution or its contents.

For the foregoing reasons the appeal from the judgment of the circuit court of McDonough County is dismissed.

Appeal dismissed.

ALLOY and STENGEL, JJ., concur.