THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY LOWE, Defendant-Appellant.

(No. 74-124; )

Fifth District—March 12, 1975.

*Supplemental opinion on rehearing filed May 27, 1975.*

Stephen P. Hurley and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville, (Bruce D. Irish and Robert J. Anderson, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant, Larry Lowe, was convicted of theft under $150 upon his plea of guilty in Madison County. He was sentenced to serve 1 year to run consecutively to the remainder of a term imposed for an offense for which defendant was on parole and for which he was returned to the penitentiary as a parole violator. Defendant had approximately 2 years remaining on the prior sentence.

On appeal, defendant alleges that the court failed to comply with Supreme Court Rules 401 and 402 (Ill. Rev. Stat. 1973, ch. 110A, pars. 401, 402), that the defendant was denied counsel at sentencing, that the sentencing hearing was deficient, and that the sentence imposed was excessive.

Because of our holding that the cause must be remanded for a new plea, we will comment only on the court's failure to comply with Rule 402.

Defendant appeared twice on March 25, 1974. In the morning, counsel was appointed and defendant pleaded not guilty. The record reflects that defendant at no time consulted with appointed counsel. Later, defendant returned to court, without counsel, and entered a plea of guilty. No representative of the State's attorney's office was present at any time. At the beginning of the second hearing, the court stated that defendant had been advised of his rights at the morning session, including "the possible penalty for the offense, if convicted." The first hearing was not transcribed, however, and this court is in no position to determine what transpired or whether or what compliance with Rule 402 occurred. In the guilty plea proceeding itself, defendant was advised that the offense was a Class A misdemeanor and that defendant stood little chance of receiving probation. The record before this court does not reflect that defendant was advised that the possible sentence was any term less than 1 year, (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8–3(a) (1)), or that the sentence could be imposed to run consecutively to his prior sentence. This is not substantial compliance with Rule 402(a) (2), and the cause must therefore be remanded to allow the defendant to plead anew. *People v. Troyan*, 21 Ill.App.3d 375, 315 N.E.2d 335 (1974).

■■ Since this cause must be remanded, we feel that other errors should be mentioned to prevent their reoccurrence. First we note the absence of the State's attorney from the proceedings. The State's attorney is charged with the prosecution of all criminal cases within his jurisdiction. (Ill. Rev. Stat. 1973, ch. 14, par. 5.) He should be present and involved. The judicial branch of government cannot be expected to and should not act beyond its capacity as arbiter of law and fact.

A Class A misdemeanor carries a possible penalty of "any term less

than one year." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—3(a)(1).) A one year sentence is not authorized by statute.

The judgment of the Circuit Court of Madison County is reversed and the cause remanded with directions that the defendant be allowed to plead anew.

Reversed and remanded with directions.

JONES, P. J., and EBERSPACHER, J., concur.

## SUPPLEMENTAL OPINION

Mr. JUSTICE KARNS delivered the opinion of the court:

We have granted the People's petition for rehearing to consider the effect upon this case of the supreme court's recent opinion in *People v. Hopping*, 60 Ill.2d 246, 326 N.E.2d 395 (1975). The State argued in its original brief that defendant had no right to a transcript of the original arraignment hearing and that defendant's failure to provide this court with a sufficient record by means of a bystander's report of proceedings (Ill. Rev. Stat. 1973, ch. 110A, par. 323) or some other method acted as a waiver of alleged error in the trial court's admonitions. The State cited appellate court opinions from other districts in support of that position. (*People v. Hopping*, 16 Ill.App.3d 275, 305 N.E.2d 610 (1973); *People v. Kline*, 16 Ill.App.3d 1017, 307 N.E.2d 398 (1974).) We chose in our opinion not to adopt the view espoused in those cases because of our long-held belief that the only effective way to judge the sufficiency of trial court admonitions is to read the colloquy between the judge and the defendant. In addition, of course, trial courts are required to transcribe verbatim plea proceedings in felony cases. But our supreme court, in a consolidated opinion including *Kline* and *Hopping*, held that verbatim transcripts are not required constitutionally or by rule in misdemeanor guilty pleas. Thus, they affirmed the convictions of three defendants and upheld as sufficient the admonitions of the trial court based solely on docket entries in the common-law record. *People v. Hopping*, 60 Ill.2d 246, 326 N.E.2d 395 (1975).

■■ Defendant contends on rehearing that he presented to this court a partial verbatim transcript containing sufficient evidence of the trial court's failure to comply with Rules 401 and 402, and that *Hopping* is therefore distinguishable. We cannot agree. Defendant was twice present before the court on the same day. The first hearing was not transcribed. Defendant apparently pleaded not guilty and was determined to be indigent. The Public Defender's Office was appointed to represent him. Later, defendant returned to court without counsel. At that time, the court stated:

"The record will show the defendant appears in open court in person in the custody of the Alton Police Department; that earlier this day he did appear in open court in the custody of the Alton Police Department; was advised of his rights, the charge, the possible penalty for the offense if convicted, and furnished a copy of the complaint, and it was determined at that time that the defendant understood the language of the complaint and the charge pending against him. Defendant did then enter his plea of not guilty and requested jury trial. On the defendant's request, a hearing was held. He was found to be indigent and the Public Defender of Madison County appointed to assist him without cost. Bail was set at $5,000.00. The Court being advised that the defendant is currently on parole from the Department of Corrections of the State of Illinois, he having earlier been convicted of the offense of theft, mittimus was ordered issued in favor of the Madison County Sheriff's Department."

Later in the same proceeding, the court stated:

"Mr. Lowe, I defined earlier that a person commits theft when he knowingly obtains or exerts unauthorized control over property of the owner, and intends to deprive the owner permanently of the use or benefit of the property. Theft of property not from the person and not exceeding $150.00 in value is a Class A misdemeanor. Under the Illinois Unified Code of Corrections a person convicted of this offense may apply for probation, however, a person already on parole for a similar offense would stand very little chance of discretionary probation. Do you understand the charge and the possible penalty, that is the charge of theft pending against you in this cause?

MR. LOWE: Yes, sir.

THE COURT: When you appeared before the Court I advised of your constitutional rights as a defendant in a criminal case. By pleading guilty do you understand you will be waiving the right to persist in a plea of not guilty, you will be waiving the presumption of innocence that would carry with you throughout the trial, and that you would be entering a plea of guilty and asking the Court to accept your plea of guilty and enter judgment of guilty of the offense of theft as a misdemeanor against you. Do you understand that by pleading guilty you will be waiving your right to jury trial, your right to require the prosecution to prove your guilt of the elements of the offense of theft which I have read to you beyond a reasonable doubt and to the jury unanimously?

MR. LOWE: Yes sir."

A docket entry contained in the record includes this language: "Defendant advised of his rights, the charge and penalty thereunder, copy of complaint read and given." The judgment order states in part: "Defendant is again advised of record of his rights, the charge and possible penalty, that he has not enjoyed the opportunity to consult with appointed counsel. Defendant persists in his guilty plea, though admonished, and waives assistance of counsel. Defendant is determined by the court to be acting freely and without compulsion in the waiver of his right to counsel and to jury trial." Under the decision in *Hopping*, we are required to find on the record before us that the trial court adequately complied with Rule 402(a)(1), (2), and (3).

Defendant also contends that the trial court failed to establish that a factual basis existed for the plea. Although defendant stated that he had been drinking, he was able to state in his own words what he had done the night of the offense. The court adequately complied with Rule 402(c).

■■ Defendant next alleges that the court failed to comply with Rule 402(a)(4) and 402(b). Viewing the record as a whole (*People v. Dudley*, 58 Ill.2d 57, 316 N.E.2d 773 (1974)) and in light of *Hopping* we find that the plea was knowingly, understandingly, and voluntarily entered.

■■ It is clear, however, as we noted in the original opinion, that the cause must be remanded for resentencing and that defendant must be offered appointed counsel at such time.

Judgment affirmed; cause remanded with directions.

JONES, P. J., and EBERSPACHER, J., concur.