THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH GUERRERO, Defendant-Appellant.

(No. 74-259;

Third District—October 31, 1975.

James Geis, of State Appellate Defender's Office, of Ottawa, for appellant.

LaMarr W. Evans, State's Attorney, of Oquawka (F. Stewart Merdian, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Kenneth Guerrero appeals from a judgment of the Circuit Court of Henderson County finding him guilty of theft of property valued at less than $150. Defendant waived counsel and pleaded guilty to a reduced charge of misdemeanor theft after he had been charged by information with burglary. He was sentenced to serve 11 months in the Illinois State Farm at Vandalia.

On appeal in this Court, defendant contends that the trial court failed to comply with Supreme Court Rule 401(c) for the reason that no verbatim transcript of defendant's waiver of counsel was made or provided, and also, that the failure to construe Supreme Court Rule 401 as requiring a verbatim transcript of defendant's waiver of counsel, where defendant was charged with a crime punishable by imprisonment, denies defendant due process and equal protection of the laws. No verbatim transcript of the proceedings was made when defendant appeared on June 5, 1974, and then waived counsel and entered his plea of guilty. There was, however, a notation of the waiver and the plea on a "supplemental docket sheet."

As defendant points out in his argument, the first sentence of Rule 401(a) (Ill. Rev. Stat. 1973, ch. 110A, § 401(a)) requires that any waiver of counsel shall be in open court. The Rule then specifies the admonishments which are required in felony cases. The last sentence (401(c)) provides:

> "Transcript Required. The proceedings required by this rule to be in open court shall be taken verbatim, transcribed, filed, and made a part of the common-law record."

While it is true that the Rule was amended effective September 1,

1974, to delete the language "in the penitentiary" as limiting the proceedings to which Rule 401(c) was to be applied, that amendment came three months after defendant's waiver in the instant case and was not applicable to the instant case. See Ill. Ann. Stat., ch. 110A, § 401, Committee Comments at 95 (Smith-Hurd 1975-1976 Supp.); *People v. Hopping,* 16 Ill.App.3d 275, 305 N.E.2d 610, 611, *aff'd,* 60 Ill.2d 246, 326 N.E.2d 395.

Nowhere in defendant's brief does he allege that the failure to provide a transcript of waiver of counsel prejudiced his rights. There is no allegation that he did not knowingly and voluntarily waive counsel. If defendant wanted to question the proceeding in which his waiver of counsel was accepted, the means were available for him to do so, in absence of a transcript of the proceedings, under Supreme Court Rule 323 (Ill. Rev. Stat. 1973, ch. 110A, § 323) which were made applicable to criminal proceedings by Rule 612 (Ill. Rev. Stat. 1973, ch. 110A, § 612). In such Rule 323, there is provision for preparation of a proposed report of proceedings by appellant in the event that no verbatim transcript of proceedings is available.

■■ In absence of any allegation of error in a proceeding in which the waiver of counsel was accepted, and in absence of any allegation that the method of presenting the record provided by Supreme Court Rule 323 is insufficient, it is obvious that there is no prejudice shown by defendant by reason of the failure to provide a verbatim transcript. (*People v. Hopping* (1975), 60 Ill.2d 246, 326 N.E.2d 395.) A court of review does not reverse a conviction merely because error was committed unless it appears that justice has been denied or that the verdict of guilty may have resulted from the error. (*People v. Watts* (1974), 19 Ill.App.3d 733, 312 N.E.2d 672.) Any error, defect, irregularity or variance which does not affect substantial rights is disregarded. Ill. Rev. Stat. 1973, ch. 110A, § 615(a).

■■ Defendant makes a further contention that the requirements of Rule 401 and Rule 402(e) regarding verbatim transcripts for felony cases must be applied to misdemeanor cases punishable by imprisonment for constitutional reasons. This contention has been rejected by the Supreme Court in *People v. Hopping* (1975), 60 Ill.2d 246, 326 N.E.2d 395. In affirming the decision of this court in 16 Ill.App.3d 275, the Supreme Court determined that neither the State nor Federal constitutions require that misdemeanant defendants be furnished with verbatim transcripts of the proceeding at which they acknowledge their guilt. As indicated by the Supreme Court in *People v. Hopping,* the failure of the court to have verbatim transcripts of waiver of counsel and of the plea of guilty was not violative of defendant's constitutional rights.

324

For the reasons stated, the judgment of the Circuit Court of Henderson County is affirmed.

Affirmed.

STENGEL and BARRY, JJ., concur.