THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DANIEL J. LEE, Defendant-Appellant.

Third District   No. 75-40

Opinion filed June 30, 1976.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

C. Brett Bode, State's Attorney, of Pekin (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Daniel Lee appeals from a judgment of the Circuit Court of Tazewell County finding him guilty of a charge of driving with a revoked license (Ill. Rev. Stat. 1975, ch. 95½, par. 6—303(a)). Defendant Daniel Lee appeared in court, without counsel, for a bench trial and was found guilty of the charge and sentenced to a term of 6 months in the State Penal Farm at Vandalia.

Defendant Lee now contends that he did not knowingly and intelligently waive his right to counsel or his right to a jury trial. He argues, in the alternative, that his sentence should be vacated because he was not advised of nor did he waive his right to counsel at that particular stage of the proceedings.

It appears that defendant was arrested and charged on October 10, 1974, for driving his motorcycle while his driver's license was revoked. He appeared in court the same day for arraignment on the charge. The only record of what occurred at that time is shown in a docket entry made by the trial court, which reads as follows:

"Defendant appears, duly arraigned, advised of his rights including right to counsel—Defendant pleads not guilty; Waives jury trial; Case set for Bench Trial at November 15, 1974 at 2:30 P.M. Defendant to have Counsel if any enter appearance on or before October 24, 1974 at 4:00 P.M. Defendant's counsel to file pre-trial motions or Defendant to apply for Counsel on said date.
/s/ Wm. J. Reardon"

A printed form on the next page of the record contains a list of common occurrences at arraignments. In front of the line "That the defendant understandingly waives his right to counsel" is a checkmark apparently made by the trial court on the same day.

On November 15, 1974, the trial was continued until December 6, 1974. On December 6, 1974, the bench trial was held, at which defendant Lee appeared *pro se*. Defendant Lee was found guilty. Thereafter, on January 6, 1975, oral post-trial motions by defendant were heard and denied and the trial court imposed sentence, after the court had considered

defendant's nine prior convictions (including another for the same offense as charged in the instant case). Defendant was given an opportunity to speak on his own behalf at the time.

■■ It is true that no person may be imprisoned for an offense, whether petty, misdemeanor, or felony, unless he was represented by counsel at the trial or knowingly and intelligently waived that right. (*Argersinger v. Hamlin* (1972), 407 U.S. 25, 37, 32 L. Ed. 2d 530, 538, 92 S. Ct. 2006.) The question, therefore, which is presented in this case, is whether defendant Lee knowingly and understandingly waived his right to counsel.

Defendant argues that the only notation on the record, which indicates a waiver of counsel, is the checkmark, and that it is inconsistent with the contemporaneous and more detailed docket entry set out which suggests that defendant had not in fact waived representation.

Under Supreme Court Rule 401 (Ill. Rev. Stat. 1975, ch. 110A, par. 401), it is provided in section (a) for a procedure by which defendant may properly waive counsel, and such rule also states in section (c):

> "The proceedings required by this rule to be in open court shall be taken verbatim, transcribed, filed, and made a part of the common-law record."

Originally Rule 401 applied only in cases where a sentence in the penitentiary is possible. (*People v. Hopping* (3d Dist. 1973), 16 Ill. App. 3d 275, 276, 305 N.E.2d 610, *aff'd*, 60 Ill. 2d 246, 326 N.E.2d 395 (1975), *cert. denied*, ___ U.S. ___, 46 L. Ed. 2d 136, 96 S. Ct. 209.) Following the *Argersinger* decision, the rule was amended effective September 1, 1974, to apply to all cases in which any imprisonment was possible. See 56 Ill. 2d R. 401 and comments thereto.

In the instant case defendant has not alleged that he is not guilty of the offense charged nor does he claim he was unable to prepare a report of proceedings or a bystander's report of proceedings. He does not even affirmatively argue that the trial court erred in accepting the waiver of counsel or waiver of jury trial.

■■ The only basis upon which defendant asserts his claim for reversal is that he is entitled to such reversal simply by virtue of the fact that a detailed record of defendant's guilty plea was not made. In the case of *People v. Hopping*, 60 Ill. 2d 246, 326 N.E.2d 395, which stems from two cases arising in this district (*People v. Hopping*, 16 Ill. App. 3d 275, 305 N.E.2d 610; *People v. Kline*, 16 Ill. App. 3d 1017, 307 N.E.2d 398), the Supreme Court specifically found that the failure to have verbatim transcripts of proceedings setting forth the details of the entry of the guilty plea did not require that convictions of defendants be set aside, when such defendants do not take advantage of available procedures to compile a proper record and who did not move to set aside the judgments

of conviction. The court indicated that the preservation of a complete record, on the basis of which to appraise attacks made on judgments of conviction, had not been transformed into a constitutional requirement by the adoption of rules relating to verbatim transcripts with respect to waivers of counsel and admonitions to defendant in connection with entry of a plea of guilty.

Since the Supreme Court has announced specific conclusions on this issue which we have outlined above, as it related to the then existing rule as it applied to felonies, we clearly find it applicable to misdemeanors (see *People v. Hopping*, involving a misdemeanor).

For the reasons stated, therefore, the judgment and sentence of the Circuit Court of Tazewell County is affirmed.

Judgment affirmed.

STENGEL and BARRY, JJ., concur.