THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
BRICE H. DUNN, Defendant-Appellant.

Fourth District   No. 12812

Opinion filed July 29, 1976.

Richard J. Wilson and John Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Jerry Finney, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant entered pleas of guilty to charges of reckless driving, driving after revocation of license and the use of fictitious license plates. He appeals the convictions and the imposed sentence of 11 months and 29 days.

Upon appeal it is urged that the record fails to show a knowing and intelligent waiver of counsel prior to the time of entering the pleas, and that it fails to show waiver of counsel at the sentencing hearing. No verbatim transcript of the proceedings was made.

A docket entry dated June 14, 1974, shows the following concerning the pleas of guilty:

"Defendant present in court in custody of deputy. People present by Jerry Finney. Defendant advised of his rights and understands rights and understands charges. Defendant enters a plea of guilty. Defendant admonished by court and persists in plea. Plea accepted by court. Judgment on plea. Signed jury waiver. Cause continued for Sentence hearing June 8, 1974 at 9:00 AM courtroom 7."

It is argued that such common law record does not show what admonitions were given by the court concerning the plea, or of what rights defendant was advised.

■■ The pleas so effected do not come within the ambit of Supreme Court Rule 401, effective September 1, 1974, and it has been held that prior to such date there was no requirement that a verbatim transcript be made upon a plea of guilty to a misdemeanor. *People v. Lowe*, 28 Ill. App. 3d 883, 330 N.E.2d 590 (see supplemental opinion upon rehearing).

■■ In *People v. Hopping*, 60 Ill. 2d 246, 326 N.E.2d 395, it was contended that the kind of a record required by the rules in felony cases (prior to September 1, 1974), must be furnished in misdemeanor cases as well as in felonies. The court pointed out that Supreme Court Rules 401 and 402, prior to September 1, 1974, did not purport to set constitutional requirements and said:

"But what the Constitution requires is a record of sufficient completeness to permit proper consideration of the *specific claims* made by the defendant, and in none of the cases before us has any

specific claim been made by any defendant." (Emphasis supplied.)

Here, as in *Hopping* and in *People v. Young*, 60 Ill. 2d 246, 326 N.E.2d 395 (*cert. denied*, 423 U.S. 907, 46 L. Ed. 2d 136, 96 S. Ct. 209), defendant has made no specific claims, and more particularly, he has made no claim that he did not waive counsel prior to his entering a plea of guilty. No suggestion is made that any admonition incident to the making of his plea was deficient. Finally, there is no claim that defendant was not, in fact, guilty of the several offenses.

■■  In the absence of a particular claim we conclude that the record of the admonitions of defendant's rights may be deemed sufficiently complete to include the right to counsel, and the waiver thereof. Here, as in *Hopping*, it is reasonable to conclude that defendant simply contends that the convictions must be set aside because the pleas were not recorded in a particular manner. We find that even where the record does show some error, courts of review will not reverse unless it appears that justice has been, in fact, denied. *People v. Guerrero*, 33 Ill. App. 3d 321, 337 N.E.2d 66.

Defendant's sentencing hearing was held on June 18. The common law record for that date shows that no admonitions were given to the defendant at such hearing, and there is no basis for concluding that the court performed its duty in the absence of any admonitions. In *People v. Taylor*, 31 Ill. App. 3d 987, 335 N.E.2d 533, it was stated that sentencing is a critical point of the proceedings at which counsel must be made available or waived, and that a valid waiver of counsel at an earlier stage did not continue through later stages of the proceedings. Since the record shows no admonitions made by the court at the time of sentence, there is no basis for concluding that the court did advise defendant of the right to counsel at the time of sentence, and such error requires remandment for a new sentence hearing.

We are, however, advised by defendant's brief that defendant has been discharged upon sentence served so that we can find no rational reason to remand for further judicial proceedings upon the issue of sentence.

The judgment of conviction is affirmed.

Affirmed.

SIMKINS and GREEN, JJ., concur.