THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RAYMOND ROBERTSON, Defendant-Appellant.

Fourth District   No. 4—88—0264

Opinion filed April 13, 1989.

Daniel D. Yuhas and Arden J. Lang, both of State Appellate Defender's
Office, of Springfield, for appellant.

Scott H. Walden, State's Attorney, of Quincy (Kenneth R. Boyle, Robert
J. Biderman, and Timothy J. Londrigan, all of State's Attorneys Appellate
Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

After a jury trial, defendant was convicted of the offenses of aggravated assault and unlawful use of weapons. (Ill. Rev. Stat. 1987, ch. 38, pars. 12—2(a)(1), 24—1(a)(10).) He was sentenced to 12 months' probation with a condition of 90 days' incarceration, and ordered to pay court costs of $121, including a fine of $25 for the Violent Crime Victims Assistance Fund (Ill. Rev. Stat. 1987, ch. 70, par. 510(c)(1)). He appeals, arguing (1) he was denied his sixth amendment right to counsel where the record does not affirmatively show whether his counsel waiver met the minimum requirements of Supreme Court Rule 401 (107 Ill. 2d R. 401), and (2) the trial court committed reversible error where the jury was not instructed as to any mental state for the offense of aggravated assault.

Defendant was charged by information alleging that on November 28, 1987, he committed the offense of aggravated assault when, in committing an assault, he used a deadly weapon and, without authority, knowingly pointed a .22 caliber rifle, firing one shot at Jeffrey McMillan, Theresa Leebold, and Yolanda Hernandez, thereby placing each of them in reasonable apprehension of receiving bodily harm; and he committed the offense of unlawful use of weapons when he knowingly possessed on or about his person upon public land within the corporate limits of Quincy, a firearm, a .22 caliber rifle. On November 30, 1987, defendant appeared with counsel and was "advised of charge and possible penalties." On February 1, 1988, the court granted the motion of the defense attorney to withdraw as counsel because defendant had failed to cooperate with counsel, and further ordered the cause to remain on the jury trial docket, with defendant "to appear with counsel" on February 8, 1988, for further pretrial matters. On February 8, 1988, the court entered a minute order finding "defendant waived his right to counsel" and ordering the cause to remain on the jury trial docket for February 9. A similar docket entry was made. A jury trial was conducted on February 11, 1988. Defendant appeared *pro se* and represented himself.

The State's evidence included the testimony of Jeffrey McMillan, Theresa Leebold, and Yolanda Hernandez. According to the evidence, defendant attended a birthday party with Shannel Brackley on the night of November 28, 1987, at Leebold's apartment. McMillan and Leebold testified defendant was drinking at the party when they left and picked up Hernandez. On the way back to Leebold's apartment they saw defendant, his face bleeding, on the street with Brackley. McMillan parked and he, Leebold, and Hernandez got out of the car to inquire what had happened. Defendant told them he had been

beaten up at Leebold's apartment, asked to be left alone, and told Leebold and McMillan he was going to "get" all of them. Defendant then left and the others returned to Leebold's apartment, which they found empty and in disarray, the front door window broken, with broken beer bottles and blood on the floor. The group left the apartment to try to find out what had occurred in their absence and, on the way back to the apartment, Brackley rolled down the passenger side window in the rear of McMillan's car, saying "There's Ray," and asking defendant what he was doing. McMillan testified he was driving about five miles per hour when he saw defendant, standing on the sidewalk, turn around and lift a rifle, aim it at McMillan's car and fire it.

McMillan testified he saw a flame come out of the gun and thought he heard a sound indicating the car had been hit, so he drove away quickly. Leebold and Hernandez testified they saw defendant raise the long-barreled rifle and point it at the car, whereupon they ducked. Both women testified they heard a sound indicating the car had been hit. All three witnesses testified they were afraid they would be injured when defendant raised the rifle and pointed it at the car and shot. Police were unable to confirm that a bullet had hit the car, none of the car's windows were broken, and no bullet casings were found at the scene. Police officers testified they answered a dispatch about the incident, found defendant at his apartment, noticed a .22 caliber rifle sitting on the kitchen sink inside the door, and recovered the weapon. The gun was loaded. One of the officers testified he smelled the chamber and concluded the gun had been fired within the previous two hours or so. Defendant explained his condition to officers by saying he had been wrestling with his dog. Defendant presented no evidence. The jury returned guilty verdicts.

At defendant's request, the trial court appointed counsel to represent defendant for purposes of sentencing.

Represented by appointed counsel on appeal, defendant first argues he was denied his sixth amendment right to counsel, since the record does not affirmatively show whether his counsel waiver met the minimum requirements of Supreme Court Rule 401. Rule 401 provides:

> "(a) Waiver of Counsel. Any waiver of counsel shall be in open court. The court *shall not permit* a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:
>
> (1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court.

(b) Transcript. The proceedings required by this rule to be in open court *shall be taken* verbatim, and upon order of the trial court transcribed, filed and made a part of the common law record." (Emphasis added.) (107 Ill. 2d R. 401.)

The offenses with which defendant was charged, aggravated assault and unlawful use of weapons, are Class A misdemeanors, punishable by any term of imprisonment less than one year. (Ill. Rev. Stat. 1987, ch. 38, pars. 12—2(b), 24—1(10), 1005—8—3(a)(1).) In this case, the counsel waiver, which Rule 401 requires to be taken in open court and to be taken verbatim, was not taken verbatim. As a direct result of the failure to comply with the verbatim requirement of Rule 401, no record exists from which it may be determined whether the requirements of Rule 401(a) were met. Although a form appearance order dated November 30, 1987, has a check mark indicating, "Defendant acknowledges receipt of copy of Charging document and is advised of nature of charges, possible penalties, pertinent constitutional rights, and trial *in absentia*," no other record exists as to whether defendant was admonished as to, for example, the minimum and maximum sentences prescribed by law, or that he had a right to counsel and, if indigent, to have one appointed to represent him.

■■ ■ The State argues defendant waived this issue by failing to raise it in the trial court or by post-trial motion. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124.) On the merits, the State maintains no reversible error occurred since defendant does not assert he did not understand his rights as required by Rule 401 or otherwise allege prejudice. Defendant argues this court should indulge every reasonable presumption against waiver of such a fundamental right and urges strict compliance with the rule is required. We decline to treat the matter as waived. The right to counsel is so fundamental it is not lightly deemed waived. There can be no affirmative acquiescence in waiver of counsel without proper admonitions.

In *People v. Derra* (1981), 92 Ill. App. 3d 1106, 1109, 416 N.E.2d 688, 690, this court stated:

"The purpose of this rule is to provide a procedure which will eliminate any doubt that a defendant understands the nature and consequences of the charge against him before a trial court

accepts his waiver of the right to counsel and to preclude a defendant from waiving assistance of counsel without full knowledge and understanding."

And further:

"In *People v. Brown* (1980), 80 Ill. App. 3d 616, 399 N.E.2d 1374, Justice Stamos, writing for the majority, conducted an extensive discussion of the history and interpretations of Rule 401. As the *Brown* opinion points out, two distinct constructions of the requirements of Rule 401 have developed in the appellate court. One strain holds that substantial compliance with Rule 401 is enough; the other requires rigorous compliance with the admonitions of the rule.

The substantial compliance test is a vestige from the past when the provisions concerning both waiver of indictment and guilty pleas were contained in the same supreme court rule. (Ill. Rev. Stat. 1969, ch. 110A, par. 401.) The substantial compliance standard of Rule 402 was thus grafted onto Rule 401(b), which governed waiver of indictment. Courts then took the next step, which was applying the substantial compliance standard explicitly stated in Rule 402 to Rule 401(a) waiver of attorneys. Parallel to this line of decisions is a line of cases which have followed the mandates of Rule 401(a) and required that the record affirmatively demonstrate that defendants were given those warnings which our supreme court deemed essential to a decision pertaining to representation. *People v. Templeton* (1978), 60 Ill. App. 3d 711, 377 N.E.2d 228; *People v. McMurray* (1977), 55 Ill. App. 3d 581, 371 N.E.2d 46[, *appeal denied* (1978), 71 Ill. 2d 600, 371 N.E.2d 351]; *People v. Jones* (1976), 36 Ill. App. 3d 190, 343 N.E.2d 644.

The court in *Brown* then went on to conclude that to the extent that cases concerning waiver of indictment under Rule 401(b) may conflict with those cases interpreting waiver of counsel under 401(a), it would follow the more rigorous requirements explicitly set out in the supreme court rule and applied in the *Templeton-McMurray* cases. The court was under the belief that these cases correctly reflected the constitutional foundation upon which Rule 401(a) rests.

The holding in *Brown* is consistent with the prior decisions of this court which, while not engaging in the same analysis conducted by the *Brown* court, have effectively applied the strict compliance standard. *People v. Roberts* (1978), 56 Ill. App. 3d 126, 371 N.E.2d 1284; *People v. Bolden* (1978), 59 Ill.

App. 3d 32, 374 N.E.2d 1307 [*appeal denied* (1978), 71 Ill. 2d 610].

\* \* \*

Consistent with our previous holdings and with the persuasive analysis of the *Brown* opinion, we hold that the trial court in the instant case was required to strictly comply with the mandates of Supreme Court Rule 401(a)." (*Derra*, 92 Ill. App. 3d at 1110-12, 416 N.E.2d at 691-92.)

The defendant in *Derra* was convicted by a jury of driving under the influence of intoxicating liquor and was sentenced to one year of probation. There, the record showed a hearing was held at which time the defendant expressed the desire to represent himself and the court ascertained defendant was 18 years old, understood the charge against him, and had a ninth-grade education. The court apprised defendant the State was not waiving the possibility of asking for a jail sentence on the charge. The court allowed defendant's motion to represent himself but appointed the public defender to be present in an advisory capacity. This court determined defendant had not effectively waived counsel under Rule 401(a). The court reversed the conviction and sentence and remanded the cause to the circuit court.

As recently as in *People v. Houston* (1988), 174 Ill. App. 3d 584, 588-89, 529 N.E.2d 292, 295-96, this court has referred to the strict compliance analysis of *Derra*, holding:

"In order to establish a valid waiver of the right to counsel, the State must prove an intentional relinquishment of a known right or privilege. (*People v. Aldridge* (1980), 79 Ill. 2d 87, 93, 402 N.E.2d 176, 179; *People v. Johnson* (1984), 123 Ill. App. 3d 128, 129, 462 N.E.2d 930, 931.) We have held that to support a valid waiver of counsel, the court must strictly comply with Supreme Court Rule 401 and give the appropriate admonitions. (*Johnson*, 123 Ill. App. 3d at 131, 462 N.E.2d at 932; *People v. Derra* (1981), 92 Ill. App. 3d 1106, 1111, 416 N.E.2d 688, 691.) Other courts have found a limited exception to the strict compliance rule when the defendant possesses a high degree of legal sophistication. (*People v. Reed* (1987), 160 Ill. App. 3d 606, 608-09, 513 N.E.2d 1193, 1195-96; *People v. Roofener* (1981), 95 Ill. App. 3d 342, 347, 420 N.E.2d 189, 193.) \* \* \*

The salutary purpose behind our requirement of strict compliance with Rule 401 is evident. It helps to ensure that when counsel is waived, it is done knowingly and intelligently. (*Johnson*, 123 Ill. App. 3d at 130, 462 N.E.2d at 932.) Recitation of the admonishments is a slight burden on the court and assists

in resolving questions concerning waiver of counsel. However, the ultimate question is still whether defendant intentionally relinquished a known right or privilege. (*Aldridge*, 79 Ill. 2d at 93, 402 N.E.2d at 179.) When, based on the facts in an appropriate case, it is clear a defendant knowingly and intelligently waived counsel, we are not so formularistic as to declare the waiver invalid simply because strict compliance with Rule 401 was lacking."

This court found the defendant in *Houston* exhibited legal sophistication and conduct so as to require finding he intentionally and knowingly waived his right to have counsel present for waiver of a preliminary hearing. The defendant there was a paralegal. The record in this case does not support application of a legal sophistication exception.

We find *Derra* controlling and reaffirm its reasoning.

In doing so, we find appeals from judgments entered on guilty pleas are sufficiently dissimilar as to require a different analysis. *People v. Hopping* (1975), 60 Ill. 2d 246, 326 N.E.2d 395, involved appeals from judgments entered on guilty pleas and the defendants' argument rested upon Supreme Court Rules 401 and 402. (See 107 Ill. 2d Rules 401, 402.) There, the court stated:

"There is no intimation that any of these defendants was not guilty of the offense to which he entered his plea of guilty. Nor is there in any of the cases a suggestion of any respect in which the admonition given to the defendant in connection with his plea of guilty was deficient. Instead, *the contention in each case is that, because the defendant's acknowledgement of his guilt was not recorded in a particular manner, his conviction must now be set aside*. The effort is to establish the availability of a verbatim transcript as a constitutional requirement. But what the Constitution requires is a record of sufficient completeness to permit proper consideration of the specific claims made by the defendant, and in none of the cases before us has any specific claim been made by any defendant." (Emphasis added.) (*Hopping*, 60 Ill. 2d at 251-52, 326 N.E.2d at 398.)

The court pointed out the defendants could have raised specific deficiencies by a report under Rule 323(c) (see 107 Ill. 2d R. 323(c)), but none did. Neither had any of the defendants presented a motion to the trial court seeking to set aside the judgment based on the plea of guilty. (See 107 Ill. 2d R. 604(d).) The court concluded:

"[T]he course pursued by the defendants in these cases shifts the focus of judicial concern from the guilt or innocence of the defendant to the existence of some possible deficiency in the

warnings given the defendant in connection with his acknowledgement of his guilt.

We hold, therefore, that neither the State nor the Federal Constitution requires that these defendants be furnished with verbatim transcripts of the proceedings at which they acknowledged their guilt." *Hopping*, 60 Ill. 2d at 254, 326 N.E.2d at 399.

*People v. Guerrero* (1975), 33 Ill. App. 3d 321, 337 N.E.2d 66, and *People v. Dunn* (1976), 40 Ill. App. 3d 684, 353 N.E.2d 48, cited by the State, also involved appeals from judgments entered on guilty pleas.

Neither do we find *People v. Lee* (1976), 39 Ill. App. 3d 750, 350 N.E.2d 580, persuasive. There, the defendant appeared in court and was arraigned. According to the docket entry made by the trial court, defendant was advised of his right to counsel, pleaded not guilty and waived jury trial. The case was set for bench trial on November 14, 1974. The docket entry further stated, "Defendant to have Counsel if any enter appearance on or before October 24 \*\*\*. Defendant's counsel to file pre-trial motions or Defendant to apply for Counsel on same date." (*Lee*, 39 Ill. App. 3d at 751, 350 N.E.2d at 582.) A printed form on the next page of the record listed common occurrences at arraignment. A check mark appeared at the line which read, "That the defendant understandingly waives his right to counsel." (*Lee*, 39 Ill. App. 3d at 751, 350 N.E.2d at 582.) A bench trial was thereafter held and defendant appeared *pro se* and was found guilty. Considering defendant's nine prior convictions, the trial court sentenced defendant to a term of six months' at the State penal farm at Vandalia, Illinois. Represented by counsel on appeal, defendant argued he did not knowingly waive his right to counsel. The Third District Appellate Court characterized his argument as follows: "The only basis upon which defendant asserts his claim for reversal is that he is entitled to such reversal simply by virtue of the fact that a detailed record of defendant's guilty plea was not made." (*Lee*, 39 Ill. App. 3d at 752, 350 N.E.2d at 582.) Although the defendant was convicted after a bench trial and did not enter a guilty plea, the *Lee* court applied the *Hopping* analysis and affirmed.

In *People v. Mattison* (1986), 149 Ill. App. 3d 816, 500 N.E.2d 1103, and *People v. Morgese* (1981), 94 Ill. App. 3d 638, 645, 418 N.E.2d 1124, 1129, the Second District Appellate Court declined to follow *Derra*. Both appeals involved convictions after bench trials. In *Morgese* the defendant was sentenced to six months' probation, and in *Mattison* the defendant was sentenced to one year of conditional dis-

charge. Based on *Argersinger v. Hamlin* (1972), 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006, and *Scott v. Illinois* (1979), 440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158, the *Morgese* court concluded actual imprisonment is the line defining the constitutional right to appointment of counsel.

We recognize adhering to *Derra* and holding waiver of counsel proceedings must be taken verbatim imposes a burden on the circuit courts, but we conclude this result is necessary in order that Supreme Court Rule 401 may be given effect as to misdemeanors as well as felonies, to ensure the same quality justice to all cases. The rule can be complied with by taking a recording certified to by the judge or by a sufficiently detailed bystander's report, as to which the State may protect the record. (See *People v. Nikonowicz* (1984), 127 Ill. App. 3d 738, 744-45, 469 N.E.2d 625, 629-30.) We emphasize our holding is restricted to (1) cases where a defendant is tried without counsel, and not to guilty pleas, and (2) where there is no showing of sufficient admonitions by which to assess a defendant's counsel waiver. This result is consistent with the express language of Rule 401 and with such decisions as *People v. Baker* (1983), 94 Ill. 2d 129, 445 N.E.2d 769.

In light of the result reached, we need not discuss the second issue raised by defendant in detail but, on retrial, defendant may tender an issues instruction on aggravated assault which includes an allegation of mental state (Illinois Pattern Jury Instructions, Criminal, No. 11.04, at 76-77 (2d ed. Supp. 1987)), as did the assault definition instruction which was given.

The judgment of the circuit court of Adams County is reversed and cause remanded.

Reversed and remanded.

LUND and GREEN, JJ., concur.