THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RAVI K. DASS, Defendant-Appellant.

Second District   No. 2—90—1074

Opinion filed March 25, 1992.—Rehearing denied April 27, 1992.

Kenneth W. Torluemenke, Public Defender, and Theodore G. Gailan, both of Wheaton (John B. Swain, Assistant Public Defender, of counsel), for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

A jury in the circuit court of Du Page County found defendant, Ravi K. Dass, guilty of battery (Ill. Rev. Stat. 1989, ch. 38, par. 12—3(a)(1)). The court sentenced him to one year of court supervision conditioned upon completion of the Du Page County Domestic Violence Program and payment of court costs. Defendant appeals, contending that the court erred in refusing to appoint the public defender to represent him.

Defendant was charged by complaint with the offense of battery. On August 29, 1990, one week prior to trial, defendant requested the court to appoint the public defender to represent him. The trial court responded that it would not sentence defendant to a period of incarceration and denied his request for appointment of the public defender.

On September 5, 1990, just prior to trial, defendant again requested appointment of the public defender. The trial court again denied his request without attempting to determine whether defendant qualified financially for the appointed counsel.

The State then moved to amend the complaint. When presented with a copy of the proposed amendment, defendant responded that he could not read or write. The court granted the State's motion to amend the complaint. The court then admonished defendant regarding his right to testify in his own behalf, to which defendant responded that he did not understand. Defendant asked what charge he could be convicted of and what the possible penalties were. The court responded that he could be convicted of battery and could possibly go to jail for one year. Defendant again requested appointment of the public defender. The court denied the request and stated that it would not commit defendant to jail in this case.

Defendant proceeded to represent himself *pro se.* Following trial, the jury found defendant guilty, and the court sentenced him as noted above. Defendant filed a timely notice of appeal.

On appeal, defendant contends that the court erred in refusing to appoint the public defender; that by being essentially forced to represent himself, he was deprived of the effective assistance of counsel; and that the court, by being "hostile toward and impatient with" defendant, deprived him of a fair trial.

Defendant's first contention is that the court erred in not appointing the public defender to represent him where he received a sentence other than a fine and the court failed to inquire regarding his financial status.

■ Initially, we note that defendant failed to file a post-trial motion. Normally, this would constitute a waiver of the issues raised. (*People v. Negron* (1991), 220 Ill. App. 3d 754, 768.) An exception to the waiver rule exists for errors of such magnitude that defendant was deprived of a fair trial. (134 Ill. 2d R. 615(a).) In the instant case, defendant argues that being forced to proceed to trial *pro se* when he was not competent to do so deprived him of a substantial right. Since defendant's entire argument is that he was

not competent to represent himself and was thus deprived of a fair trial, we elect to review this issue under the plain error doctrine.

■ A defendant's sixth amendment right to appointed counsel applies only in cases in which he is actually sentenced to imprisonment. (*Scott v. Illinois* (1979), 440 U.S. 367, 373, 59 L. Ed. 2d 383, 389, 99 S. Ct. 1158, 1162; see also *Argersinger v. Hamlin* (1972), 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006.) However, Illinois provides a right to appointed counsel in criminal cases which is broader than the constitutional right as defined by *Scott* and *Argersinger*. Section 113—3(b) of the Code of Criminal Procedure of 1963 provides as follows:

"In all cases, except where the penalty is a fine only, if the court determines that the defendant is indigent and desires counsel, the Public Defender shall be appointed as counsel." (Ill. Rev. Stat. 1989, ch. 38, par. 113—3(b).)

In *People v. Morgese* (1981), 94 Ill. App. 3d 638, this court held that under section 113—3(b) an indigent defendant sentenced to probation was entitled to appointment of the public defender. The court stated:

"Therefore, under the plain meaning of this statutory provision, an indigent criminal defendant is entitled to court-appointed counsel in all cases except where the penalty imposed is a fine only." *Morgese*, 94 Ill. App. 3d at 642.

Pursuant to this section, if a defendant who is to be sentenced to a penalty other than a fine only requests the appointment of counsel, the court is required to inquire into defendant's financial status in order to determine whether he is in fact indigent and thus entitled to appointed counsel. (*People v. Sebag* (1982), 110 Ill. App. 3d 821, 826.) Here, defendant, on several occasions prior to and during trial, requested the appointment of the public defender. The trial court, however, failed even to inquire whether defendant qualified financially, believing that the appointment was not required.

■ The State contends that defendant was not eligible for appointed counsel because a sentence of supervision is not a "conviction." (See Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—1(c).) The State cites no authority for this novel contention, and it is not supported by the plain language of section 113—3. That section, by its terms, applies to "*all* cases, except where the penalty is a fine only." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 38, par. 113—3(b).) In *Morgese*, this court expressly included supervision

within the range of penalties covered by the statute. Specifically, in commenting on the possible consequences of its decision, the court stated:

> "While we are cognizant of the potential burdensome consequences of this decision, we simply cannot ignore the plain meaning of the words in section 113—3(b); if the legislature does not now desire this result, especially in view of legislative enlargement of the range of penalties available to the court such as conditional discharge and supervision, they are, of course, free to amend this provision reflecting their intentions." (*Morgese*, 94 Ill. App. 3d at 643.)

This court has held that section 113—3(b) applies to a defendant sentenced to conditional discharge. *People v. Kosyla* (1986), 143 Ill. App. 3d 937, 944-45.

Section 113—3(b) makes no reference to a "conviction." Rather, it applies in "all cases," except where only a fine is imposed. We find no basis in the statute to distinguish between a defendant who receives a disposition of supervision from a defendant sentenced to probation or conditional discharge.

A question remains regarding the appropriate disposition of this case. We have previously held that where the court fails to determine eligibility for appointed counsel for a defendant who requests it, the appropriate remedy is reversal of the conviction and remand of the cause to the trial court with directions to ascertain defendant's financial status and, if it is determined that he is indigent, to appoint counsel. (*Sebag*, 110 Ill. App. 3d at 828.) This remedy is appropriate here. Because of our disposition of this issue, we need not consider the remaining issues which defendant raises.

For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded with directions.

Reversed and remanded with directions.

GEIGER and NICKELS, JJ., concur.