THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DIANE STAHR, Defendant-Appellant.

Second District   No. 2—92—0316

Opinion filed January 14, 1994.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, and Sherry R. Silvern, both of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford, and Jerome T. Genova, of Calumet City (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE QUETSCH delivered the opinion of the court:

Following a bench trial in the circuit court of Winnebago County, defendant, Diane Stahr, was found guilty of the offense of violation of an order of protection (Ill. Rev. Stat. 1991, ch. 38, par. 12—30 (now 720 ILCS 5/12—30 (West 1992))) based on allegations that she created a disturbance by screaming and yelling at Rodney Stahr in violation of an order of protection under the Illinois Domestic Violence Act of 1986 (750 ILCS 60/101 *et seq.* (West 1992)). Defendant was sentenced to a one-year term of probation and was ordered to pay a fine and costs of $200. Defendant appeared *pro se* at trial. On appeal defendant contends: (1) that her conviction must be reversed because the record fails to show that the trial court addressed her in the manner specified in Supreme Court Rule 401 (134 Ill. 2d R. 401) in connection with her waiver of counsel; and (2) that she is entitled to a $5 credit against her fine for the portion of a day during which she was incarcerated prior to being released on bail.

■ We first consider defendant's argument that her conviction must be reversed because the record does not establish that the trial court complied with Rule 401. Rule 401 provides, in pertinent part:

"(a) Waiver of Counsel. Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

* * *

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court.

(b) Transcript. The proceedings required by this rule to be in open court shall be taken verbatim, and upon order of the trial court transcribed, filed and made a part of the common law record." 134 Ill. 2d R. 401.

Relying on *People v. Robertson* (4th Dist. 1989), 181 Ill. App. 3d 760, defendant argues that because the record does not affirmatively

show that she was properly advised in compliance with this rule, any waiver of counsel was invalid. Notwithstanding her reliance on the decision of the Appellate Court, Fourth District, in *Robertson*, defendant acknowledges that the controlling precedent in this court is *People v. Morgese* (1981), 94 Ill. App. 3d 638. In *Morgese*, we noted that "the purpose of Supreme Court Rule 401 is 'to assure a knowing and intelligent waiver of counsel *** because in each instance the defendant is waiving constitutional rights.' " (94 Ill. App. 3d at 644, quoting *People v. Warfel* (1979), 67 Ill. App. 3d 620, 627.) A defendant's sixth amendment right to appointed counsel applies only in cases in which the defendant is actually sentenced to imprisonment. (*Scott v. Illinois* (1979), 440 U.S. 367, 373, 59 L. Ed. 2d 383, 389, 99 S. Ct. 1158, 1162; see also *People v. Dass* (1992), 226 Ill. App. 3d 562, 565.) In *Morgese*, we held that in light of *Scott* Supreme Court Rule 401 must be interpreted to mean that "no unrepresented, indigent criminal defendant can be sentenced to a term of imprisonment unless the record indicates that there was a waiver in accordance with the provisions of Rule 401(a)." *Morgese*, 94 Ill. App. 3d at 645.

It is true that section 113—3(b) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/113—3(b) (West 1992)) provides an indigent criminal defendant a right to appointed counsel that is broader than the sixth amendment right. (See, *e.g., Dass*, 226 Ill. App. 3d at 565.) Under this provision, an indigent criminal defendant who requests counsel is entitled to court-appointed counsel in all cases except where the penalty imposed is a fine only. (*Dass*, 226 Ill. App. 3d at 565; *Morgese*, 94 Ill. App. 3d at 642.) However, in *Morgese* we noted that there is no requirement that the trial court advise the defendant of the right under this provision or that there be a knowing and intelligent waiver of the right, since it is not constitutional in origin and the requirements of Rule 401 are inapplicable. (*Morgese*, 94 Ill. App. 3d at 644; see also *People v. Mattison* (1986), 149 Ill. App. 3d 816, 819-20.) In the case at bar, defendant was not actually sentenced to a term of imprisonment, and therefore, pursuant to our holding in *Morgese*, the trial court was not required to advise defendant as provided in Rule 401(a).

Defendant argues that *Morgese* was wrongly decided and should be overruled. Defendant contends that requiring trial courts to comply with Rule 401 whenever imprisonment is an authorized sentence would have the advantage of affording trial courts a broader range of sentencing options. Defendant also suggests that more widespread appointment of trial counsel would help facilitate more meaningful appellate review, since *pro se* litigants may not be equipped to take

proper steps to preserve errors occurring at trial. However laudable these objectives might be in the abstract, defendant cites no authority suggesting that they are the objectives Rule 401 was designed to accomplish. We believe *Morgese* correctly identified the purpose of Rule 401 to be the assurance that waivers of the *constitutional* right to counsel are made knowingly and intelligently, and, therefore, the considerations defendant sets forth are not particularly germane to the interpretation of the rule. Defendant also cites decisions which purportedly support the general proposition that the supreme court rules involving criminal procedure require strict, rather than substantial, compliance. However, *Morgese* addressed the question of when Rule 401 is applicable, not how it is to be complied with. Thus, *Morgese* is not inconsistent with the cases cited by defendant. We therefore find defendant's contention that the trial court violated Rule 401 to be without merit.

■ We agree with defendant, however, that she is entitled to a credit against her fine for the time spent in custody prior to being released on bail. Section 110—14 of the Code provides, in pertinent part:

"Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant. The clerk of the court shall notify the defendant in writing of this provision *** at the time he is convicted." (Ill. Rev. Stat. 1991, ch. 38, par. 110—14 (now 725 ILCS 5/110—14 (West 1992)).)

Although defendant did not apply for the credit in the trial court, the issue is not waived on appeal because the record does not establish that she was properly notified by the clerk of the court. See *People v. Plante* (1993), 253 Ill. App. 3d 472, 474; *People v. Childs* (1992), 226 Ill. App. 3d 915, 922-23.

The record reflects that defendant was arrested and released on bail on the same day after depositing $225 with the clerk of the court. Defendant correctly notes that any portion of a day in custody constitutes a full day for purposes of section 110—14. (See *People v. Johns* (1984), 130 Ill. App. 3d 548, 549; see also *People v. Leggans* (1986), 140 Ill. App. 3d 268, 272; *cf. People v. Beech* (1990), 202 Ill. App. 3d 576, 580 (defendant who posted bond on day of arrest was entitled to one day's credit for time served to be applied toward sentence of imprisonment).) Accordingly, defendant claims that she is entitled to a $5 credit. The State responds that because defendant did in fact post a bond of $225, she is not entitled to a credit. This court has recently

held, however, that section 110—14 makes no exception for defendants who are temporarily incarcerated on a bailable offense, but who eventually are released on payment of bail. (*Plante*, 253 Ill. App. 3d at 475.) Accordingly, defendant is entitled to a $5 credit to be applied to her fine and costs of $200.

For the foregoing reasons, the judgment of the circuit court of Winnebago County is affirmed as modified to reflect a $5 credit against defendant's fine and costs of $200. Since the $200 amount was deducted from defendant's bail deposit pursuant to section 110—7(h) of the Code (Ill. Rev. Stat. 1991, ch. 38, par. 110—7(h) (now 725 ILCS 5/110—7(h) (West 1992))), the cause is remanded to the circuit court of Winnebago County for entry of an order requiring that $5 be refunded to defendant.

Affirmed as modified and remanded with directions.

WOODWARD and GEIGER, JJ., concur.