5 June 2000

No. 2--98--1244 

__________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

THE PEOPLE OF THE STATE  ) Appeal from the Circuit Court

OF ILLINOIS,                    )  of Du Page County.

) 

     Plaintiff-Appellee, )

  )

v.  )  No. 97--DT--2075                                                )      

                                )

DAVID MacARTHUR, ) Honorable

                                )  John T. Elsner,

Defendant-Appellant. ) Judge, Presiding.

_________________________________________________________________

JUSTICE COLWELL delivered the opinion of the court:

Defendant, David MacArthur, proceeding 
pro se
 after his retained counsel withdrew, was convicted by a jury of driving under the influence of alcohol (DUI) (625 ILCS 5/11--501(a)(2) (West 1996)) and driving with a blood- or breath- alcohol concentration (BAC) of 0.10 or more (625 ILCS 5/11--501(a)(1) (West 1996)).  After obtaining counsel, defendant was sentenced to one year of conditional discharge.  The trial court denied defendant's motion for a new trial, and he appeals.  Defendant argues that the trial court abused its discretion in allowing defendant's counsel to withdraw
 without admonishing him pursuant to Supreme Court Rule 401(a) (134 Ill. 2d R. 401(a)) or otherwise ensuring that defendant's waiver of his right to counsel was knowing and intelligent.  We hold that, because defendant was not sentenced to imprisonment, neither the constitutional right to counsel nor Rule 401(a) requires reversal.  Therefore, we affirm.

Defendant was charged by citation with improper lane usage (625 ILCS 5/11--709(a) (West 1996)) and operating an uninsured vehicle (625 ILCS 5/3--707 (West 1996)) and was later charged by complaint with DUI and driving with a BAC of 0.10 or more.  Defendant entered his written appearance and attorney John Carbon entered an appearance on defendant's behalf.  On September 15, 1997, Carbon and defendant informed the court that Carbon would no longer represent defendant.  The judge allowed Carbon to withdraw, set the case for jury trial on January 12, 1998, and told defendant that, if he wished to retain counsel, his attorney should appear well in advance of the trial date.

On January 12, 1998, defendant appeared 
pro se
.  The case was continued, and, when the parties next appeared for trial on April 15, 1998,
 defendant was still 
pro se
.  Defendant said he was ready for trial.  The State dismissed the improper lane usage and uninsured vehicle charges and, after a jury trial, defendant was found guilty on both the remaining charges.

On May 12, 1998, the trial court appointed the public defender to represent defendant and set May 20, 1998, for sentencing.  On May 15, 1998, defendant's counsel filed a motion for a new trial.  The motion did not assert any claims of trial error.  Rather, it stated that defendant believed that there were good grounds for a new trial and that a trial transcript had been requested but not yet received.  The motion requested that "this Court refrain from ruling on this motion until after Defendant has had an opportunity to supplement it; after which, Defendant *** will pray that this Honorable Court grant him a new trial."

On May 20, 1998, the court held a brief sentencing hearing at which nobody mentioned the motion for a new trial.  The court sentenced defendant to a year of conditional discharge and costs and admonished defendant that he had 30 days in which to file a notice of appeal.  The written sentencing order is not clear, but it appears defendant was sentenced only on the DUI conviction.

On August 1, 1998, defendant filed an amended motion for a new trial.  Observing that the court had yet to rule on his earlier-

filed motion for a new trial, the amended motion alleged in part that the court had erred in allowing defendant to proceed 
pro se
 without a sufficient inquiry into whether his waiver of his right to counsel was voluntary and intelligent.  On August 20, 1998, defendant filed a second amended motion for a new trial, adding a contention that the trial court erred in failing to follow Supreme Court Rule 401(a) (134 Ill. 2d R. 401(a)) before accepting defendant's waiver of counsel.  

After granting the State several continuances, the court heard the motion on September 25, 1998.  Both parties appeared and argued the merits of the motion.  In denying the motion, the trial judge reasoned that seven months had passed between Carbon's withdrawal and the trial, and in that time defendant had simply elected not to hire an attorney even though he was not indigent and thus did not qualify for appointed counsel.  Defendant filed a notice of appeal four days later.

Before addressing the merits, we must address the State's argument that we lack jurisdiction to hear this appeal.  Also, we must independently consider whether we have jurisdiction and must dismiss the appeal if jurisdiction is lacking.  
Ferguson v. Riverside Medical Center
, 111 Ill. 2d 436, 440 (1985).  

The State asserts that defendant's appeal is untimely. The State recognizes that, under Supreme Court Rule 606(b) (134 Ill. 2d R. 606(b)), a criminal defendant must file a notice of appeal within 30 days of the entry of the final judgment or, if a motion directed against the judgment is timely filed, within 30 days of the entry of the order disposing of the motion.  The State claims that defendant violated this rule because his May 15, 1998, motion for a new trial was not filed within the required 30 days of the verdicts (see 725 ILCS 5/116--1 (West 1998)) and the notice of appeal was not filed within 30 days of the final judgment, which was the sentence (see 
People v. Kuhn
, 126 Ill. 2d 202, 207 (1988)).

We find no merit in the State's jurisdictional argument.  The record shows that the written jury verdicts were filed on April 16, 1998, and defendant filed his original motion on May 15, 1998, only 29 days later.  The State's arithmetic is incorrect, and the motion was timely.  When defendant was sentenced, the motion was still pending.  Thus, when the court entered the final judgment (the sentence), there was a pending timely motion directed against that
 
judgment and defendant did not need to appeal until after the trial court ruled on this motion.

Finding no merit in the State's jurisdictional argument, we consider 
sua sponte
 another jurisdictional issue.  The "motion" defendant filed on May 15, 1998, did not actually raise any grounds for a new trial but only requested that the trial court allow defendant to raise such grounds later or when the trial transcript became available.  Arguably, this filing was in substance not a motion at all, but merely a notice of motion.  A notice of motion is not a motion and does not satisfy a statute or rule that requires the filing of a motion.  See 
Kollath v. Chicago Title & Trust Co.
, 62 Ill. 2d 8, 10 (1975).  If we discount the "motion" of May 15, 1998, defendant did not file a motion directed against the judgment until August 1, 1998, well over 30 days after the final judgment in this case.  As a 
timely
 motion is necessary to extend the time in which to appeal (134 Ill. 2d R. 606(b)), defendant's appeal would be untimely and we would have to dismiss the case.

However, there is an exception to the timeliness requirement of Rule 606(b).  Even in the event of an untimely postjudgment motion, the parties may revest the circuit court with jurisdiction by actively participating in proceedings that are inconsistent with the merits of the prior judgment.  
People v. Kaeding
, 98 Ill. 2d 237, 241 (1983); 
People v. Eddington
, 129 Ill. App. 3d 745, 751 (1984).  Here, even if defendant's postjudgment motion was untimely, the State (and the trial court) actively participated in proceedings on defendant's motion; indeed, the State even obtained continuances so that it could respond to the merits of the motion.  Under these circumstances, we have no doubt that the trial court had jurisdiction to rule on the motion.  As defendant filed his notice of appeal only four days after the ruling on his motion, his appeal is timely and we may address the merits.

Defendant asserts that the trial court erred in accepting his waiver of his constitutional right to counsel without first (1) ascertaining that the waiver was knowing and voluntary or (2) admonishing defendant pursuant to Rule 401(a).  The State responds that neither alleged omission is of any legal consequence because defendant was not sentenced to imprisonment.  For the reasons that follow, we agree with the State.

In 
Argersinger v. Hamlin
, 407 U.S. 25, 37, 32 L. Ed. 2d 530, 538, 92 S. Ct. 2006, 2012 (1972), the Supreme Court held that the constitutional right to counsel means that "absent a knowing and intelligent waiver, no person may be imprisoned for any offense *** unless he was represented by counsel at his trial."  In 
Scott v. Illinois
, 440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158 (1979), the Court clarified that 
Argersinger
's holding is indeed limited to cases where defendants are actually imprisoned.  The indigent 
pro se
 defendant in 
Scott
 committed an offense for which he could have been, but was not, incarcerated.  The Court held that he had not been deprived of his constitutional right to counsel.  The Court stressed that actual imprisonment is "a penalty different in kind from fines or the mere threat of imprisonment *** and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel."  
Scott
, 440 U.S. at 373, 59 L. Ed. 2d at 389, 99 S. Ct. at 1162.

Supreme Court Rule 401(a) states that, before permitting a waiver of counsel by one accused of "an offense punishable by imprisonment," the trial court shall admonish the defendant of the nature of the charge, the minimum and maximum sentences, and that  the defendant has the right to counsel and, if he is indigent, to have counsel appointed.  134 Ill. 2d R. 401(a).  The quoted language might be read to require the admonishments wherever there is a possibility of imprisonment.  However, we have consistently held that, like the constitutional right to counsel itself, the right to Rule 401(a) admonishments attaches only if the defendant is actually sentenced to imprisonment.  
People v. Stahr
, 255 Ill. App. 3d 624, 626 (1994); 
People v. Morgese
, 94 Ill. App. 3d 638, 644 (1981).  This is because the purpose of Rule 401(a) is to ensure the knowing and intelligent waiver of the 
constitutional
 right to counsel.  
Stahr
, 255 Ill. App. 3d at 626; 
Morgese
, 94 Ill. App. 3d at 640.

Defendant concedes that, under 
Scott
, 
Stahr
, and 
Morgese
, an indigent defendant who is not actually sentenced to imprisonment may not complain on appeal that the trial court denied him his constitutional right to appointed counsel or that the trial court erred in failing to comply with Rule 401(a) before accepting a waiver of appointed counsel.  However, defendant maintains that this case is distinguishable because, unlike 
Scott
, 
Stahr
, and 
Morgese
, this case does not involve an indigent defendant for whom the trial court would have to appoint counsel but rather a non-

indigent defendant for whom no such affirmative action by the trial court would be necessary.  

While defendant is correct that the aforementioned cases did involve indigent defendants, we do not see how anything in those opinions suggests that a nonindigent defendant's constitutional right to counsel would be significantly greater than that of the indigent defendant.  The key consideration in these cases is that actual imprisonment is a punishment so different in kind from lesser penalties that the constitutional right to counsel protects only against uncounseled convictions that actually result in imprisonment.  Nothing in the pertinent case law suggests that an uncounseled conviction that does not result in imprisonment is constitutionally impermissible if the defendant has enough money to retain counsel of his choosing.

Moreover, granting the relatively affluent defendant a broader right to representation than that given the indigent defendant is the sort of invidious discrimination that courts have proscribed.  The Supreme Court has admonished us that a defendant's
 right to counsel on his one appeal of right may not depend on " 'the amount of money he has.' "  
Douglas v. California
, 372 U.S. 353, 355, 9 L. Ed. 2d 811, 814, 83 S. Ct. 814, 816 (1963), quoting 
Griffin v. Illinois
, 351 U.S. 12, 19, 100 L. Ed 891, 899, 76 S. Ct. 585, 591 (1956).  Certainly, the same principle applies to the right to counsel at the trial itself.

Defendant cites no authority holding that a nonindigent defendant's right to retained counsel is greater than an indigent's right to appointed counsel.  Although the issue has not been raised squarely in Illinois, we have found one opinion from another jurisdiction rejecting any such two-tiered right to counsel.  

In 
Layton City v. Longcrier
, 943 P.2d 655 (Utah App. 1997),
 
cert. denied
, 953 P.2d 449 (Utah 1997), 
cert. denied
, 523 U.S. 1125, 140 L. Ed. 2d 949, 118 S. Ct. 1811 (1998), the 
pro se
 defendant was convicted and received a fine and a suspended jail sentence.  On appeal, he argued first that the trial court erred in failing to determine whether he was indigent and thus qualified for appointed counsel. The appellate court disagreed, explaining that, under 
Scott
, only actual imprisonment triggered the right to appointed counsel.  
Longcrier
, 943 P.2d at 658.  The defendant argued second that, even if he did not qualify for appointed counsel, the trial court violated his constitutional right to retained counsel.  The appellate court observed that the defendant could cite no case making the constitutional right to retained counsel broader than the right to appointed counsel, and it concluded that any such disparity would treat defendants differently solely because of their wealth and would thus run afoul of equal protection.  
Longcrier
, 943 P.2d at 659-70.  We agree with 
Longcrier
's reasoning, and we similarly decline to make the right to retained counsel broader than the right to appointed counsel.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

McLAREN and GEIGER, JJ., concur.