NO. 4-00-0339

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

Plaintiff-Appellee, ) Circuit Court of

) Logan County

PAMELA E. HERRING, ) Nos. 99DT23

Defendant-Appellant. ) 99TR8464

) 99TR8688

)

) Honorable

) Donald A. Behle,

) Judge Presiding.

_________________________________________________________________

JUSTICE COOK delivered the opinion of the court:

Defendant Pamela E. Herring appeals from a conviction for driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(a) (West 1998)) and two convictions for driving while license revoked (DWR) (625 ILCS 5/6-303(a) (West 1998)).  We reverse and remand.

I. BACKGROUND

Defendant was charged with DUI on March 16, 1999.  Defendant was also charged twice with DWR, once on November 3, 1999, and again on November 15, 1999. 

The separate bench trials for the DUI and DWR charges, (along with some other charges which are not relevant to this appeal) were all held on March 31, 2000.  The first trial that day was for the DUI.  Prior to the trial date, defendant's counsel had filed a motion to withdraw because he was not getting paid.  Counsel's motion was allowed and defendant proceeded 
pro
 
se
 in her trial for DUI and in her DWR trial later that day.  No verbatim transcript was made of the DUI trial and there is no indication in the record that the trial court admonished defendant of her right to counsel or that defendant waived counsel.  Defendant has provided a Supreme Court Rule 323 "bystander's report" (166 Ill. 2d R. 323 (c)) of the DUI trial prepared and signed by the trial judge.  

Regarding the DUI, the arresting officer testified that on March 16, 1999, he observed defendant's car swerve across the centerline three times.  One time, an oncoming car had to drive up onto the curb to avoid colliding with defendant's car.  The officer followed defendant with his lights on for approximately three blocks before she pulled over.  Defendant smelled of alcohol and swayed as she walked.  Defendant denied drinking anything but cough syrup and told the officer that she suffered from hypo-thyroidism.  Defendant refused to take field-sobriety tests, but she did submit to a horizontal gaze nystagmus (HGN) test, which results indicated to the officer that defendant was intoxicated.  Defendant was arrested and transported to jail.  The jailer testified that defendant smelled strongly of alcohol, was belligerent, emotional and confused, spoke incomprehensibly at times, took her shoes off and then asked where her shoes were, and admitted drinking that night.  The bystander's report does not indicate whether a breathalyzer test was administered or refused.

The trial court found defendant guilty of DUI and sentenced her to 12 months of court supervision and imposed a $600 fine.  At a separate bench trial that day, the trial court found defendant guilty of both counts of DWR and sentenced her to 14 days in jail for each count, sentences to run concurrently, and imposed a $200 fine for each count.  This appeal followed.  

II. ANALYSIS

Defendant seeks reversal of her convictions for DWR, arguing that her waiver of counsel was not effective because there is no verbatim transcript of her waiver and the trial court's admonishments as required by Supreme Court Rule 401(b) (134 Ill. 2d R. 401(b)).  Defendant seeks reversal of her conviction for DUI, arguing that the trial court erred in considering evidence of the HGN test without first conducting a 
Frye
 hearing (see 
Frye v. United States
, 293 F. 1013 (D.C. Cir. 1923).

A. Waiver of Counsel

The State argues that defendant has waived the issue of whether she effectively waived counsel because she did not object at trial or in a posttrial motion.  See 
People v. Johnson
, 119 Ill. 2d 119, 131, 518 N.E.2d 100, 105 (1987).  This court has consistently held that the right to counsel is so fundamental that we will review as plain error a claim that there was no effective waiver of counsel although the issue was not raised in the trial court.  See 
People v. Robertson
, 181 Ill. App. 3d 760, 763, 537 N.E.2d 1036, 1039 (1989); 
People v. Langley
, 226 Ill. App. 3d 742, 749, 589 N.E.2d 824, 829 (1992); 
People v. Stoops
, 313 Ill. App. 3d 269, 273, 728 N.E.2d 1241, 1244 (2000).  We therefore address defendant's claim on appeal.

Supreme Court Rule 401(a) provides in pertinent part that a trial court "shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment," without first giving defendant the admonitions contained within Rule 402(a).  134 Ill. 2d R. 401(a).  "There can be no effective waiver of counsel without proper admonitions."  
Langley
, 226 Ill. App. 3d at 749, 589 N.E.2d at 829.  A waiver of counsel can be effective if the admonitions given substantially comply with those found in Rule 401(a).  
Stoops
, 313 Ill. App. 3d at 273-74, 728 N.E.2d at 1244.  "Whatever admonishments are given to a defendant, however, must be included in the record since Rule 401(b) requires that when a defendant waives the right to counsel, 
the
 
proceedings
 
must
 
be
 
recorded
 
verbatim
, 
and
 
strict
 
compliance
 
with
 
Rule
 
401(b)
 
is
 
required
."  (Emphasis added.)  
Stoops
, 313 Ill. App. 3d at 274, 728 N.E.2d at 1244.  In this case, because Supreme Court Rule 401(b) was not strictly complied with and there is no verbatim record of whether defendant knowingly and voluntarily waived her right to counsel, waiver of counsel was ineffective and we must reverse the convictions for DWR and remand for a new trial.  See 
People v. Montgomery
, 298 Ill. App. 3d 1096, 1099-1100, 700 N.E.2d 1085, 1088-89 (1998), 
appeal
 
denied
, 182 Ill. 2d 563, 707 N.E.2d 1243 (1999).   

Defendant has neglected to argue on appeal that the DUI conviction must also be reversed on the basis of ineffective waiver of counsel.  The State, however, anticipated the logical conclusion that the ineffective waiver of counsel required reversing all of the convictions in which defendant was unrepresented, including the DUI.  In its brief, the State implicitly argued against reversing the DUI conviction because defendant was not actually sentenced to prison for that charge.  The State cited a series of cases from the Second District which found that while the actual language of Supreme Court Rule 401(a) "might be read to require the admonishments wherever there is a possibility of imprisonment," "we have consistently held that, like the constitutional right to counsel itself, the right to Rule 401(a) admonishments attaches only if the defendant is actually sentenced to imprisonment."  
People v. MacArthur
, 313 Ill. App. 3d 864, 869, 731 N.E.2d 883, 886-87 (2000) (citing 
People v. Stahr
, 255 Ill. App. 3d 624, 626, 627 N.E.2d 394, 395 (1994)), 
appeal
 
denied
, 191 Ill. 2d 549, 738 N.E.2d 932 (2000); 
People v. Morgese
, 94 Ill. App. 3d 638, 644, 418 N.E.2d 1124, 1129-30 (1981).  In accord with our prior rulings, we address this issue as plain error.  

Rule 401(a) provides that the court must give the admonishments regarding waiver of counsel to "a person 
accused
 of an offense 
punishable
 by imprisonment."  (Emphasis added.)  134 Ill. 2d R. 401(a).  The Second District has, in our opinion, misinterpreted the rule as if it read that the court must give admonishments to "a person 
convicted
 of an offense and 
punished
 
with
 imprisonment."  We recently declined to follow the Second District's interpretation that Rule 401 rights only attach when a defendant is actually sentenced to imprisonment.  See 
Stoops
, 313 Ill. App. 3d at 275, 728 N.E.2d at 1245 (conviction of defendant who was sentenced to probation reversed because trial court did not properly admonish him in accordance with Rule 401(a)). 

In this case, defendant was charged with DUI, a Class A misdemeanor punishable by imprisonment (see 625 ILCS 5/11-501(c) (West 2000); 730 ILCS 5/5-5-3 (West 2000)), and the trial court was obligated to properly admonish defendant in accordance with Rule 401(a).  Because there is no verbatim record of the admonishment and alleged waiver of counsel as required by Rule 401(b), we find that defendant's waiver of counsel at her DUI trial was ineffective.  We therefore reverse the DUI conviction and remand for a new trial.    

B. 
Frye
 Hearing

Defendant also argues that her conviction for DUI must be reversed because the trial court erred in admitting evidence of a HGN test without conducting a 
Frye
 hearing.  See 
People v. Kirk
, 289 Ill. App. 3d 326, 332, 681 N.E.2d 1073, 1077 (1997) (HGN evidence inadmissible without 
Frye
 hearing in the trial court); see also 
People v. Basler
, 193 Ill. 2d 545, 550, 740 N.E.2d 1, 4 (2000) (criticizing 
Kirk
).  Under this court's ruling in 
Kirk
, on remand the trial court should conduct a 
Frye
 hearing regarding the HGN test evidence
 before considering that evidence at the new trial.  

III. CONCLUSION

We reverse defendant's convictions for DWR and DUI and remand the cases for new trials.

Reversed and remanded.

STEIGMANN, J., specially concurs.

MYERSCOUGH, J., specially concurs in part and dissents in part.

JUSTICE STEIGMANN, specially concurring:

Reversible error occurred in this case because the trial court took an action that was both unnecessary and unwise:  letting defendant's trial counsel withdraw after entering his appearance on the ground that he had not been paid.  One way to avoid this problem is to put all defense counsel on notice that when they enter their appearance in a criminal case, they will not be permitted to withdraw on the ground that they had not been paid.  (This is a practice I successfully used for 12 1/2 years as a trial judge.)  Such a policy (1) places defense counsel on notice that entering an appearance in a criminal case is a serious act, not to be engaged in frivolously, and (2) greatly supports the trial court's administration by removing uncertainty about the representation of defendants whose cases are set for trial.  

Perhaps the unfortunate result in this case will convince this trial court to adopt this policy.

 JUSTICE MYERSCOUGH, specially concurring in part and dissenting in part:

I concur with the majority that there is no verbatim record of the admonishment and waiver of counsel required by Rule 401(b).  Reversal is, therefore, warranted on the DUI.  (However, I do note that such a record would not be required had the State completely waived jail time on the offense, whether at sentencing or on revocation of supervision).

However, I disagree that a 
Frye
 hearing is required on the HGN test.  While the supreme court may not have spoken with one voice, the supreme court has, nonetheless, spoken.  
People v. Basler
, 193 Ill. 2d 545, 740 N.E.2d 1 (2000).