No. 3--04--0034

_____________________________________________________________________________

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2005

 ) 

THE PEOPLE OF THE STATE OF ) Appeal from the Circuit Court

ILLINOIS, ) for the 12th Judicial Circuit,

) Will County, Illinois,

Plaintiff-Appellee, ) 

) No.  03--TR--47809

)

)

 ) Honorable Marzell Richardson,

SHERMAN CAMPBELL, ) Judge, Presiding. 

)

Defendant-Appellant. )

______________________________________________________________________________

JUSTICE McDADE
 
delivered the opinion of the court:

______________________________________________________________________________

In this case from the circuit court of Will County, the defendant, Sherman Campbell, appeals from his conviction for driving on a suspended license, for which he received 12 months of conditional discharge and 240 hours of community service.  Campbell, who represented himself at trial, argues that his conviction should be reversed and the case remanded because he was not admonished of his right to have an attorney appointed to represent him.  For the following reasons, we agree, and 
vacate his conviction and remand.

This case involves a single question of law: whether Supreme Court Rule 401
 (134 Ill. 2d R. 401) requires the reversal of a conviction when a 
defendant who is charged with a crime for which imprisonment is a possible punishment, but who is not subsequently imprisoned on that charge, is not properly admonished of his right to an attorney and the availability of court- appointed counsel. The rule provides that the court must give an open-court admonishment of the right to counsel, including appointed counsel, to "a person 
accused
 of an offense 
punishable
 by imprisonment."  (Emphasis added.) 134 Ill. 2d R 401(a).

We note a split between the Second and Fourth Districts of the Appellate Court on this issue.  The Second District has found that admonishment under Rule 401 is only required in cases where the defendant is subsequently sentenced to a prison term. 
People v. MacArthur
, 313 Ill. App. 3d 864, 869, 731 N.E.2d 883, 886-87 (2000); 
People v. Stahr
, 255 Ill. App. 3d 624, 626, 627 N.E.2d 394, 395 (1994); 
People v. Morgese
, 94 Ill. App. 3d 638, 645, 418 N.E.2d 1124, 1130 (1981).  The second district relies, in reaching this conclusion, on 
Scott v. Illinois
, 440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158 (1979),  a case involving only the imposition of a fine, in which the United States Supreme Court held that "the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." 
Scott
, 440 U.S. at 373-74, 59 L. Ed. 2d at 389, 99 S. Ct. at 1162.  Based on the 
Scott
 holding, the Second District has found that the right to Rule 401(a) admonishments is only  to ensure the knowing and intelligent waiver of the constitutional right to counsel.  
MacArthur
, 313 Ill. App. 3d at 869, 731 N.E.2d at 886-87; 
Stahr
, 255 Ill. App. 3d at 626,  627 N.E.2d at 395; 
Morgese
, 94 Ill. App. 3d at 640, 418 N.E.2d at 1130.  Since the constitutional right to counsel, according to 
Scott
, is only implicated in cases where the defendant is actually sentenced to prison, the admonishment as well is only required when the defendant is sentenced to imprisonment. 
MacArthur
, 313 Ill. App. 3d at 869, 731 N.E.2d at 886-87; 
Stahr
, 255 Ill. App. 3d at 626, 627 N.E.2d at 395; 
Morgese
, 94 Ill. App. 3d at 640, 418 N.E.2d at 1130 .   We note that neither the United States Supreme Court nor the Illinois Supreme Court undertook in the 
Scott 
case the construction of Rule 401.  See 
Scott v. Illinois, 
440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158 (1979), and 
People v. Scott, 
68 Ill. 2d 269, 368 N.E.2d 881 (1977).  The United States Supreme Court considered only the constitutional question presented, and our supreme court construed only the two Illinois statutes relied upon by Scott
. The supreme courts’ analyses in  
Scott 
therefore provide no precedent for resolution of the issue we consider in this case.
(footnote: 1)
 The Fourth District has 
taken a different approach and reached a different result.  In 
People v. Herring
, 327 Ill. App. 3d 259, 762 N.E.2d 1186 (2002),  the court found that the failure to admonish in a case where the defendant was not actually imprisoned was reversible error.  
Herring
, 327 Ill. App. 3d at 262, 762 N.E.2d at 1189. 

We agree with the Fourth District.  The language of the rule is clear: a "person accused of an offense punishable by imprisonment" must be admonished in open court and on the record.  134 Ill. 2d R. 401.  The rules of statutory construction apply to the interpretation of supreme court rules.  
People v. Roberts
, 214 Ill. 2d 106, 116, 824 N.E.2d 250, 256 (2005).  In construing a rule, the primary objective is to give effect to the intent of the enacting body, in this case the supreme court.  
Roberts
, 214 Ill. 2d at 116, 824 N.E.2d at 256.  If intent can be determined from the plain language of the rule, there is no need to resort to interpretive aids. 
Roberts
, 214 Ill. 2d at 116, 824 N.E.2d at 256.   When the language of the rule is plain and unambiguous, we will not read into it exceptions, limitations, or conditions that are in conflict with its clear meaning, and we will not inject additional provisions that are not found in the rule. 
Roberts
, 214 Ill. 2d at 116, 824 N.E.2d at 256.  

In the case of Rule 401, the meaning cannot be plainer that admonishments are required when a defendant has been charged with an offense for which imprisonment is an available penalty under the statute.  The supreme court could easily amend the rule to effect the result reached by 
MacArthur
 and 
Stahr
, but it has not done so.  Presumably, the court has chosen to promote the public policy of ensuring that defendants who face jail time are fully apprised of their right to counsel at the time it will effectively serve its purpose --  before trial.  The means by which the public policy will be pursued is plain on the face of the rule, and we will not depart from it. 

We believe that the Second District meshes the constitutional right to counsel with the right to admonishments established by Rule 401.  It may be true that the constitution only requires that a defendant who has actually been imprisoned was assigned counsel or clearly waived that right.  However, we are not dealing here with the constitutional right to counsel itself, but rather with the right to admonishments, which must be given to a defendant as established by rule.  We do not believe that the scope of the rule is tested or limited by the constitutional requirement it serves, but rather by its plain language.  Undoubtedly, the constitutional right to counsel and the right to admonishments about that right derive from the same concern that defendants receive proper representation when their liberty is at stake.  Nevertheless, the two rights 
are
 different and they originate from different sources.  

In 1988, nine years after its decision in 
Scott
, our supreme court decided 
People v. Wilk, 
124 Ill. 2d 93, 103, 529 N.E.2d 218, 221 (1988)
, 
in which it directed that 
all the supreme court’s rules of criminal procedure are mandatory; they are 
rules 
of procedure, not mere suggestions.
  
They are binding on parties and courts alike.  We are therefore required to enforce the right to admonishment in a manner consistent with the unambiguous language of the rule.

Moreover, admonishments are given prior to trial and sentencing comes at the end, after the judgment.  As a practical matter, the failure to give the admonitions either forecloses the imposition of prison time or requires a new trial if the unadmonished defendant is incarcerated.  It also leaves open the question, as is present  in this case, of what punishment can be imposed if a defendant fails to meet the conditions of his discharge or probation or perform the requisite community service.   Since  such problematic alternatives are completely avoided by admonishing a defendant charged with any crime punishable (as opposed to punished) by incarceration of his or her right to counsel, as Rule 401 directs, the interpretation advanced in 
MacArthur
, 
Stahr
 and 
Morgese
 seems not only strained but ill-advised and inefficient.  

At the very least, substantial compliance with Rule 401 is required.  
People v. Stoops
, 313 Ill. App. 3d 269, 274, 728 N.E.2d 1241, 1244 (2000).  Substantial compliance with the rule is sufficient when the waiver of the right to counsel was knowing and voluntary and where the admonishment that was received by the defendant did not prejudice his rights.  
People v. Haynes
, 174 Ill. 2d 204, 236, 673 N.E.2d 318, 333 (1996).  When the defendant does not receive 
any
 admonishments, however, the reviewing court need not consider whether the defendant waived his right to counsel.  
People v. Childs
, 278 Ill. App. 3d 65, 74, 662 N.E.2d 161, 166-67 (1996).   He clearly did not. 

Here, the record reflects that the defendant did not receive the admonishments consistent with Rule 401.  Because of the failure to admonish, the defendant’s conviction should be vacated and the case remanded.  
Stoops
, 313 Ill. App. 3d at 275, 728 N.E.2d at 1245.    It appears likely that defendant 
 has satisfied the sentence that the circuit court of Will County found to be appropriate for conviction of this offense and that requiring a new trial at this time would be both unfair to him and wasteful of the circuit court’s resources.  We believe that, because of these unique circumstances, simply vacating 
the conviction and remanding the case would be appropriate.  
 

CONCLUSION

The defendant was not properly admonished of his right to proceed with counsel as required by Rule 401, and we decline to adopt an interpretation of the rule that only requires admonishments in cases where the defendant has actually been sentenced to imprisonment, since that interpretation is not supported by the plain, unambiguous language of the rule.  We therefore find that the defendant’s conviction must be vacated and the case remanded.  

Conviction vacated and case remanded.

LYTTON, J., specially concurs.

SCHMIDT, J., dissents. 

JUSTICE LYTTON specially concurring:

_________________________________________________________________

I concur with Justice McDade that defendant's conviction should be vacated.

The Federal and Illinois constitutions both guarantee criminal defendants the right to be represented by counsel. U.S. Const., amend. VI; Ill. Const. 1970, art. I, § 8.  This right has been held to apply only when the accused is actually sentenced to imprisonment. 
Argersinger v. Hamlin
, 407 U.S. 25, 37, 32 L. Ed. 2d 530, 538, 92 S. Ct. 2006, 2012 (1972); 
People v. Scott
, 68 Ill. 2d 269, 272 (1977).

The Code of Criminal Procedure also provides for the right to counsel. 725 ILCS 5/109-1(b)(2), 5/113-3(b) (West 2002).  These sections require the trial judge to inform the defendant of the right to counsel, and appoint counsel if the defendant is indigent (725 ILCS 5/109(b)(2) (West 2002)) unless "the penalty is a fine only" (725 ILCS 5/113-3(b) (West 2002)).  As used in this section, "penalty" refers to the punishment actually imposed by the court upon conviction, not a potential punishment provided for in the criminal statute. 
People v. Scott
, 68 Ill. 2d at 273-74.

Illinois Supreme Court Rule 401 (134 Ill. 2d R. 401(a), which is at issue in this case, does not concern the right to counsel, but rather the court's duties when a criminal defendant waives that right.  Unlike the statutory provisions, Rule 401's application does not depend on the penalty imposed, but on whether the offense is "punishable by imprisonment."

Here, defendant was charged with driving while his license was suspended which is punishable by imprisonment for up to one year. 625 ILCS 5/6-303(a) (West 2002); 730 ILCS 5/5-8-3(a)(1) (West 2002).  Although defendant did not have the right to have counsel appointed for him (see 
Scott
, 68 Ill. 2d at 273-74.), the plain language of Rule 401 required that the trial judge admonish him concerning the effects of his decision to represent himself. (134 Ill. 2d R. 401(a); 
People v. Herring
, 327 Ill. App. 3d 259, 262 (2002).  Because the trial court did not admonish defendant as required, defendant's conviction should be vacated.

JUSTICE SCHMIDT, dissenting: 

If there is 
no right
 to counsel, how can it be reversible error to fail to inform a defendant that there 
is a right
 to counsel? 

    
The issue presented here has already been decided by the Illinois Supreme Court.  
People v. Scott
, 68 Ill. 2d 269, 369 N.E.2d 881 (1977), 
cert.
 
granted
, 
sub nom
. 
Scott v. Illinois
, 436 U.S. 925, 56 L. Ed. 2d 767, 98 S. Ct. 2817 (1978), 
affirmed
, 440 U.S. 367, 59 L. Ed. 2d 383, 99 S. Ct. 1158 (1979).  

Clearly, the purpose of Supreme Court Rule 401 is to assure the knowing waiver of the constitutional right to counsel.  
People v. MacArthur
, 313 Ill. App. 3d 864, 731 N.E.2d 883 (2000), 
appeal
 
denied
, 191 Ill. 2d 549, 738 N.E.2d 932 (2000); 
People v. Stahr
, 255 Ill. App. 3d 624 (1994), 
appeal 
denied
,155 Ill. 2d 574 (1994); 
People v. Haynes
, 174 Ill. 2d 204, 241 (1996).  

The case law is clear that, regardless of the sentencing options, the right to counsel under the state constitution or federal constitution attaches only if a defendant is actually sentenced to incarceration.  
People v. Scott
, 68 Ill. 2d at 274.

The majority here ignores Illinois Supreme Court and United States Supreme Court precedent on the issue and then embraces 
Herring
, while criticizing the Second District's holdings in 
MacArthur
, 
Stahr
 and 
Morgese
.  To reach its conclusion in 
Herring
, the Fourth District simply ignored 
People v. Scott
.  

In dealing with whether the failure of the trial court to admonish defendant regarding his right to counsel required reversal of defendant's conviction, our supreme court stated:

     "Defendant finally asserts that, even if he 

is not entitled to the appointment of counsel, 

section 109-1(b)(2) required the court to advise 

him of the right to secure counsel and to have 

counsel present to assist him.

          Again, assuming section 109 to be applicable 

to this case, we do not believe it supports the 

defendant's contention.  Although we recognize that

all defendants are entitled to have counsel assist

them in criminal proceedings, section 109-1(b)(2)

does not require the court to advise them of this

right in all cases.  Since the defendant was 

penalized only by fine, he was neither 

constitutionally nor statutorily entitled to have counsel present.  The court was, therefore, under 

no
 obligation to obtain a waiver before proceeding 

to trial without counsel and, hence, was under 
no
 obligation to advise the defendant of his right to counsel."  (Emphasis added.)  
People v. Scott
, 68 

Ill. 2d at 274, 369 N.E.2d at 883.

The above-quoted language comes from the same court that the majority speaks of when it says "[p]resumably, the court has chosen to promote the public policy of ensuring that defendants who face jail time are fully apprised of their right to counsel at the time it will effectively serve its purpose - before trial."  Slip op. at 4.  I find this statement by the majority irreconcilable with the language used in 
People v. Scott
.  

The 
Scott
 logic and analysis were adopted by the Second District in 
MacArthur
, 
Stahr
 and 
Morgese
 and labeled by the majority as not only strained, but ill-advised and inefficient.  Slip op. at 4.  Criticizing the supreme court's reasoning does not authorize the appellate court to disregard it.  

Furthermore, the majority insists that the language of Rule 401 could easily be amended to effect the result reached by the Second District cases.  Slip op. at 4.  Other than this assertion, the majority offers no proposed language.  There simply is no way to amend the language of the rule without, in effect, eliminating all admonishments.  This is because determining the right to counsel involves a retrospective examination of what occurred after the trial at sentencing.  

The majority also seems to suggest that this case is distinguishable from 
People v. Scott 
because Supreme Court Rule 401 is being argued here and not there.  Even if that were correct, Supreme Court Rule 401, in its present form, was in effect at the time 
People v. Scott 
was decided.  The language in Supreme Court Rule 401 is no more or less mandatory than that contained in section 109--1(b)(2) or section 113--3(b) of the Code of Criminal Procedure of 1963 (725 ILCS 5/109--1(b)(2), 5/113--3(b) (West 2004)), 
which were also at issue in 
People v. Scott
.  
People v. Scott
, 68 Ill. 2d at 273.  What about the plain language of those statutes?  There is no logical reason to treat the statutes differently than Rule 401 unless one believes that Rule 401 came from above the treeline on Mt. Olympus while the statutes came from the foothills.  Does the majority suggest that we "enforce" supreme court rules, but not statutes?  Of course, there is no law to support the conclusion drawn by the majority that every violation of a supreme court rule requires reversal.  
  
 Furthermore, a reading of the appellate court decision in 
 Scott
 shows that Supreme Court Rule 401 was argued in that case.  
People v. Scott
, 36 Ill. App. 3d 304 (1976).  I take judicial notice of the briefs on file in the Illinois Supreme Court showing that the issue was also briefed in the supreme court.  In 
Scott
, the defendant specifically argued that he had "not knowingly and intelligently waived his right to counsel because he had not been advised of that right as required by section 109-1(b)(2) and by Supreme Court Rule 401(a)(3)."  
People v. Scott
, 36 Ill. App. 3d at 312.  The dissenting justice in the appellate court took the position offered by the majority here.  
Scott
, 36 Ill. App. 3d at 314 (Leighton, J., dissenting).  The 
Scott
 majority, however, in an uncontrollable fit of both common sense and logic, ruled that if there was no right to counsel, waiver under Supreme Court Rule 401 could not be an issue.  
People v. Scott
, 36 Ill. App. 3d at 314.  
In affirming, the supreme court did not discuss Rule 401; however, it obviously agreed with the appellate court and found that since defendant was not sentenced to incarceration, he was neither statutorily nor constitutionally entitled to have counsel present and, therefore, waiver could not be an issue.
  People v. Scott
, 68 Ill. 2d at 274.  
That Rule 401 did not apply is implicit in the supreme court's decision.  Rule 401 addresses waiver.

This case is as much about the power of the appellate court as it is about the constitutional right to counsel.  The appellate court of Illinois previously rejected the same arguments made by defendant/appellant here, including the Supreme Court Rule 401(a) argument.  
People v. Scott
, 36 Ill. App. 3d 304 (1976).  The supreme court affirmed.  
People v. Scott
, 68 Ill. 2d 269 (1977).  The majority opinion here is no doubt driven by a not unreasonable personal belief that all defendants facing convictions of offenses which carry the possibility of jail time have the right to counsel.  However, this position has been rejected by both the Illinois and the United States Supreme Courts.  See, 
i.e.
, 
Argersinger v. Hamlin
, 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006 (1972) (for an excellent discussion of both sides of the issue).  Our supreme court can change the law whenever it chooses.  We cannot.  I therefore respectfully dissent.  

FOOTNOTES
1:
Because we have undertaken no analysis of 
Scott
, the  suggestion of the dissent that we have criticized and disregarded the supreme court’s reasoning as "not only strained, but ill-advised and inefficient," is untrue.  Slip op. at ___.  What we have criticized is the application, in 
MacArthur
 and 
Stahr
, of the 
Scott
 reasoning to Supreme Court Rule 401 in contravention of 
Wilk
.