# Illinois Official Reports

## Appellate Court

***People v. Jamison*, 2014 IL App (5th) 130150**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES JAMISON, Defendant-Appellant. |
| District & No. | Fifth District<br>Docket No. 5-13-0150 |
| Filed | December 3, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a prosecution for obstructing a peace officer by not allowing an officer who was investigating a report of a domestic disturbance to enter the residence where defendant, his girlfriend, and her child were present and he was drunk and "cutting her things up," defendant's conviction was reversed and the cause was remanded for further proceedings, since the trial court failed to comply with the requirement of Supreme Court Rule 401(b) that defendant's waiver of his right to an appointed attorney and his wish to proceed *pro se* be transcribed or otherwise recorded verbatim, filed, and made part of the common law record, and double jeopardy did not preclude a retrial where the evidence was sufficient to convict defendant. |
| Decision Under Review | Appeal from the Circuit Court of Jackson County, No. 10-CM-178; the Hon. William G. Schwartz, Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | Michael J. Pelletier, Ellen J. Curry, and Richard J. Whitney, all of State Appellate Defender's Office, of Mt. Vernon, for appellant. |
|---|---|
| | Michael Carr, State's Attorney, of Murphysboro (Patrick Delfino, Stephen E. Norris, and Whitney E. Atkins, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE SCHWARM delivered the judgment of the court, with opinion.<br>Presiding Justice Cates and Justice Chapman concurred in the judgment and opinion. |

**OPINION**

¶ 1    The defendant, James Jamison, appeals from his conviction for obstructing a peace officer. For the reasons that follow, we reverse and remand for further proceedings.

¶ 2                                    BACKGROUND

¶ 3    On March 4, 2013, a Jackson County jury found the defendant guilty of obstructing a peace officer (720 ILCS 5/31-1(a) (West 2010)). The underlying charge alleged that on April 5, 2010, the defendant had knowingly obstructed Officer Zachary Street's investigation of a domestic disturbance by ignoring his commands to open the door to 619 North Springer in Carbondale so that he could speak with the reported victim, Chelsea Burg. The evidence adduced at trial established the following.

¶ 4    On April 5, 2010, at approximately 3 p.m., the Carbondale police department received a 9-1-1 call from Debra Wiseman, who was in Florida at the time. Wiseman reported that her daughter, Chelsea Burg, had called her stating that Burg's boyfriend, the defendant, was drunk and "cutting her things up." Wiseman also reported that Burg was "not answering her phone now." Wiseman advised that Burg resided at 619 North Springer and that Burg's newborn baby was also present in the home, "screaming its head off."

¶ 5    Officer Zachary Street of the Carbondale police department was dispatched to respond to the reported domestic disturbance on North Springer and was one of the first officers to arrive. Pursuant to departmental policy, Street's intention was to speak with all parties involved to "basically ensure everybody was okay." When Street approached the residence and knocked on the door, the defendant came to the door but did not open it. When Street advised the defendant why the police were there, the defendant confirmed that Burg and her baby were inside but stated that they were neither coming to the door nor going outside. While Street and the defendant talked through the door, the defendant repeatedly refused to open it, and Street could not hear or see Burg or her baby. Because Street was unable to make contact with them, "the situation changed," and he feared that they were possibly hurt or dead.

¶ 6     Additional officers and "command staff" soon arrived at the scene, and a perimeter was set up around the house. A hostage negotiator spoke with the defendant by phone for over an hour, but she was unable to convince him to allow Burg and the baby to exit the residence. The defendant sounded "very angry" and agitated, and the negotiator "felt that [the defendant] was probably going to harm [Burg,] or he already had."

¶ 7     The police ultimately obtained a search warrant to enter the residence at 619 North Springer. At approximately 5:25 p.m., after the defendant refused to open the door so that the warrant could be executed, officers forced entry into the home. The defendant was found sitting in a chair in the living room, and Burg and her baby were found in a back bedroom unharmed. The defendant was subsequently arrested and charged with obstructing a peace officer.

¶ 8     After entering judgment on the jury's verdict, the trial court sentenced the defendant to a 12-month term of probation. On March 29, 2013, the defendant filed a timely notice of appeal.

¶ 9                                                    DISCUSSION

¶ 10    On appeal, the defendant raises numerous issues, but we need only decide two: whether the trial court's failure to strictly comply with Illinois Supreme Court Rule 401(b) (eff. July 1, 1984) requires a reversal of his conviction and whether the evidence adduced at trial was sufficient to support the jury's finding of guilt. We answer both questions in the affirmative.

¶ 11    In June 2012, following a case-management conference, the trial court entered a written order stating that the defendant had advised the court that he wanted to represent himself. The order stated that the court had determined that the defendant understood that he had the right to an appointed attorney and that he did not have to pay the attorney who had been appointed to represent him. The order further stated that the court had determined that the defendant had knowingly and voluntarily waived his right to an appointed attorney. The trial court thus discharged appointed counsel, and the defendant subsequently proceeded *pro se*. On appeal, the defendant argues that his conviction must be reversed because the trial court failed to strictly comply with Rule 401(b)'s requirement that a defendant's waiver of counsel must be recorded verbatim. We agree.

¶ 12    "The right to counsel is a cornerstone of our criminal justice system." *People v. Black*, 2011 IL App (5th) 080089, ¶ 11. "The right to counsel is fundamental and will not be lightly deemed waived." *People v. Stoops*, 313 Ill. App. 3d 269, 273 (2000). "[T]he right to counsel is so fundamental that we will review as plain error a claim that there was no effective waiver of counsel although the issue was not raised in the trial court." *People v. Herring*, 327 Ill. App. 3d 259, 262 (2002).

¶ 13    A defendant's waiver of counsel is governed by Supreme Court Rule 401, which provides as follows:

> "(a) Waiver of Counsel. Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:
>
> > (1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court.

(b) Transcript. The proceedings required by this rule to be in open court shall be taken verbatim, and upon order of the trial court transcribed, filed and made a part of the common law record." Ill. S. Ct. R. 401 (eff. July 1, 1984).

¶ 14    Although substantial compliance with Rule 401(a) may be sufficient to effectuate a valid waiver of counsel (*People v. Haynes*, 174 Ill. 2d 204, 236 (1996)), trial courts are required to strictly comply with Rule 401(b) (*People v. Herring*, 327 Ill. App. 3d 259, 261-62 (2002); *People v. Montgomery*, 298 Ill. App. 3d 1096, 1098-1100 (1998)). "The language of Rule 401(b) is clear and unambiguous: it mandates that, when the defendant waives the right to counsel, the proceedings must be recorded verbatim." *Montgomery*, 298 Ill. App. 3d at 1099. Rule 401(b)'s verbatim requirement "is for the benefit of the defendant as well as the trial court" and may be accomplished via court reporter, audiotape, or videotape. *Id*. at 1099-1100.

¶ 15    Here, the record indicates that before accepting the defendant's waiver of counsel, the trial court determined that he understood and knowingly waived his right to an appointed attorney and wished to proceed *pro se*. It is undisputed, however, that the proceedings were not transcribed or otherwise recorded verbatim. The State rightfully concedes that the trial court thus failed to comply with Rule 401(b). Under the circumstances, the defendant's waiver of counsel was ineffective, and his conviction must be reversed. *Herring*, 327 Ill. App. 3d at 262; *Montgomery*, 298 Ill. App. 3d at 1100.

¶ 16    Given our disposition, we need not address the defendant's remaining claims of error. *Black*, 2011 IL App (5th) 080089, ¶ 28. To avoid any concerns of double jeopardy, however, we will address his argument regarding the sufficiency of the evidence underlying his conviction. *Id*. ¶ 29.

¶ 17    The thrust of the defendant's argument regarding the sufficiency of the evidence is his assertion that "in order to be convicted of 'obstructing' a peace officer, a defendant must commit some type of physical act that impedes a peace officer." The defendant thus maintains that his "passive" conduct in the present case is insufficient to sustain his conviction as a matter of law. See *People v. Cope*, 299 Ill. App. 3d 184 (1998); *People v. Hilgenberg*, 223 Ill. App. 3d 286 (1991). In *People v. Baskerville*, 2012 IL 111056, ¶ 29, however, our supreme court held that "the offense of obstructing a peace officer under section 31-1(a) of the Code does not necessitate proof of a physical act." The court further held that "[a]lthough a person may commit obstruction of a peace officer by means of a physical act, this type of conduct is neither an essential element of nor the exclusive means of committing an obstruction." *Id*. ¶ 23. "The legislative focus of section 31-1(a) is on the tendency of the conduct to interpose an obstacle that impedes or hinders the officer in the performance of his authorized duties," which is an inquiry for the trier of fact "based upon the facts and circumstances of each case." *Id*.

¶ 18    Here, viewing the evidence adduced at trial in the light most favorable to the State, a rational trier of fact could conclude that Street's investigation of the reported domestic disturbance at 619 North Springer was an authorized duty that the defendant impeded or hindered. See *City of Champaign v. Torres*, 346 Ill. App. 3d 214, 217 (2004). "Because the

- 4 -

evidence was sufficient to convict the defendant, double jeopardy does not preclude the defendant's retrial." *People v. Liner*, 356 Ill. App. 3d 284, 300 (2005).

¶ 19                                       CONCLUSION

¶ 20         For the foregoing reasons, we hereby reverse the defendant's conviction and remand for further proceedings.

¶ 21         Reversed and remanded.